J-S43036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIJAH GILBERT THOMPSON | : | |
| | : | |
| Appellant | : | No. 1859 EDA 2022 |

Appeal from the PCRA Order Entered July 11, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001901-2019

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JANUARY 9, 2023**

Appellant Elijah Gilbert Thompson appeals from the order dismissing his second Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant's PCRA counsel, Matthew J. Deschler, Esq., has filed a petition to withdraw as counsel and a **_Turner_**/**_Finley_**[2] brief.  We conclude that the PCRA court lacked jurisdiction to enter this order; therefore, we quash.

As we write for the parties, we need not set forth a detailed recitation of the factual and procedural history.  Briefly, Appellant entered a negotiated guilty plea to resisting arrest and disorderly conduct on August 28, 2019.  That

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

same day, the trial court sentenced Appellant to an aggregate term of three to twelve months' incarceration. Appellant did not file a direct appeal.

Appellant filed his first *pro se* PCRA petition on March 23, 2021. The PCRA court appointed Brian Monahan, Esq. to represent Appellant. On June 17, 2021, Attorney Monahan filed a **Turner**/**Finley** no-merit letter. Appellant filed a *pro se* objection to Attorney Monahan's **Turner**/**Finley** letter and a second *pro se* PCRA petition[3] on October 5, 2021. The PCRA court then appointed Robert Patterson, Esq. to replace Attorney Monahan as Appellant's counsel.

On February 22, 2022,[4] the PCRA court dismissed Appellant's first PCRA petition without a hearing. Appellant filed a timely notice of appeal on February 24, 2022, which this Court docketed at 853 EDA 2022.

_____

[3] Appellant captioned his second PCRA petition as a "motion to amend" his first *pro se* PCRA petition. The PCRA court did not grant Appellant permission to amend his first PCRA petition. **See** Pa.R.Crim.P. 905(A). Therefore, the PCRA court properly treated Appellant's October 5, 2021 "motion to amend petition" as a second *pro se* PCRA petition instead of as an amended first PCRA petition. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012).

[4] We note that although the PCRA court's order dismissing Appellant's first PCRA petition was time-stamped and entered on the docket on February 16, 2022, the docket entries reflect that the PCRA court served Appellant with a copy of this order on February 22, 2022. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); **see also** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1).

Attorney Patterson filed a **Turner**/**Finley** brief and a supplemental brief with the PCRA court on April 28, 2022. On May 5, 2022,[5] the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's second PCRA petition without a hearing. Appellant filed a *pro se* notice of appeal from that Rule 907 notice on May 10, 2022, which this Court docketed at 1466 EDA 2022.

Notwithstanding the pending appeal from the Rule 907 notice, the PCRA court dismissed Appellant's second PCRA petition on July 11, 2022.[6] Appellant simultaneously filed a *pro se* notice of appeal[7] and a *pro se* Pa.R.A.P. 1925(b) statement on July 18, 2022. This Court docketed the instant appeal at 1859 EDA 2022. On July 21, 2021, the PCRA court appointed Attorney Deschler as PCRA counsel. The PCRA court filed a Rule 1925(a) opinion adopting the

---

[5] The PCRA court's Rule 907 notice was time-stamped and marked on the docket on April 28, 2022, but according to the trial court docket, the date of service is May 5, 2022. **See Jerman**, 762 A.2d at 368; Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1).

[6] The PCRA court's order dismissing Appellant's second PCRA petition was time-stamped and marked on the docket on July 6, 2022, but the docket entries reflect that the trial court served Appellant with the order on July 11, 2022. **See Jerman**, 762 A.2d at 368; Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). We have amended the caption accordingly.

[7] Although Appellant was represented by counsel when he filed his *pro se* notice of appeal, the general prohibition against hybrid representation does not apply to a timely *pro se* notice of appeal. **See Commonwealth v. Williams**, 151 A.3d 621 (Pa. Super. 2016) (explaining that because a notice of appeal protects constitutional rights, it is distinguishable from other filings that require counsel, and this Court is required to docket *pro se* notice of appeal despite the appellant being represented by counsel).

reasoning of its July 8, 2022 Rule 1925(a) opinion addressing the appeal at 1466 EDA 2022. *See* PCRA Ct. Op., 8/12/22, at 2.

On October 15, 2022, Attorney Deschler filed a **Turner**/**Finley** brief and a petition to withdraw with this Court. On October 27, 2022, Appellant filed a *pro se* response to Attorney Deschler's **Turner**/**Finley** brief.

Before we address Attorney Deschler's petition to withdraw, we must consider whether the PCRA court had jurisdiction to enter the order being appealed, which we may raise *sua sponte*. **See, e.g.**, **Commonwealth v. Arcelay**, 190 A.3d 609, 614 (Pa. Super. 2018). Our standard of review is *de novo*, and our scope of review is plenary. **Id.**

"Any act taken by a court without proper jurisdiction is null and void." **Commonwealth v. Harris**, 230 A.3d 1124, 1127 (Pa. Super. 2020) (citation and quotation marks omitted). This Court has recognized that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." **Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (footnote omitted).

This Court has further explained that

Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**, [746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)]. **See also** [**Montgomery**, 181 A.3d at 364] (reaffirming that **Lark** precludes consideration

- 4 -

of subsequent PCRA petition while appeal of prior PCRA petition is still pending).

**Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019).

Further, Rule of Appellate Procedure 1701 states, in relevant part, that "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a); **see also Harris**, 230 A.3d at 1126 (noting that under Rule 1701(a) "the filing of a notice of appeal divests the trial court of jurisdiction" (citations omitted)).

Here, the PCRA court concluded that Appellant's second PCRA petition was untimely filed. **See** PCRA Ct. Op., 7/8/22, at 7-8; **see also** PCRA Ct. Op., 8/12/22, at 2 (adopting the reasoning of the PCRA court's July 8, 2022 Rule 1925(a) opinion for the purposes of this appeal). However, the PCRA court did not address whether it had jurisdiction to consider Appellant's second PCRA petition after Appellant filed the appeal at 853 EDA 2022 in its Rule 1925 opinions.

Our review of the record indicates that Appellant's appeal at 853 EDA 2022 was pending when the PCRA court entered its order dismissing Appellant's second PCRA petition on July 11, 2022, which Appellant purports to challenge in the instant appeal. Therefore, the PCRA court lacked jurisdiction to consider Appellant's second PCRA petition, even though it had been filed before Appellant appealed the dismissal of his first PCRA petition. **See Montgomery**, 181 A.3d at 364-65; **Beatty**, 207 A.3d at 961; **see also**

Pa.R.A.P. 1701(a). Because the PCRA court lacked jurisdiction to dismiss Appellant's second PCRA petition, that order is a legal nullity. **See Harris**, 230 A.3d at 1127. Accordingly, we quash this appeal.[8,9]

Appeal quashed. Petition to withdraw as counsel dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2023

---

[8] For the same reasons, we also quash Appellant's appeal at 1466 EDA 2022 in a separate memorandum.

[9] Based upon our disposition of this appeal, Attorney Deschler's petition to withdraw as counsel is dismissed as moot.