J-S06018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARREN RICHARD GENTILQUORE | : | |
| | : | |
| Appellant | : | No. 981 MDA 2022 |

Appeal from the PCRA Order Entered April 4, 2022
In the Court of Common Pleas of Susquehanna County Criminal Division
at No(s):  CP-58-CR-0000183-2006

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MAY 4, 2023**

Appellant Darren Richard Gentilquore appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). After review, we are constrained to quash.

A prior panel of this Court summarized the relevant facts and procedural history of this matter as follows:

> In 2005, Shaun Bigelow (Shaun), a resident of New Jersey, purchased property in Susquehanna County, Pennsylvania, that bordered [Appellant's] property.  Shaun and [Appellant] became friends.  On May 26, 2006, Shaun and his brother, Ryan Bigelow (Ryan) (collectively, the Bigelows), along with their wives and children, arrived at Shaun's property to camp for Memorial Day [w]eekend.
>
> Tommy McCormick (McCormick), another neighbor of Shaun's, invited the Bigelows to come to his property to sit around the fire.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

After the Bigelows' wives and children went to bed, Shaun and Ryan rode their [all-terrain vehicles (ATVs)] to McCormick's property. [Appellant] began to follow the Bigelows on his [ATV]. While on the trail to McCormick's property, Ryan slowed down and [Appellant] ran his ATV into the back of Ryan's ATV, causing damage. [Appellant] agreed to pay for the damage, resolving the situation without any incident.

The Bigelows, [Appellant], McCormick, Jim Velcheck, and two of McCormick's guests sat around the fire and imbibed alcoholic beverages. After a few hours, Ryan left the McCormick's [property] to go back to Shaun's property. Later in the evening, [Appellant] started a fight with McCormick's guest, Anthony Saverino (Saverino). Saverino and McCormick asked [Appellant] to leave McCormick's property and [Appellant] obliged. Shortly after [Appellant] left, gunshots were fired. The gunshots woke the Bigelows' wives and children. Shaun's wife yelled to [Appellant] to stop shooting because it was scaring the kids. There was a pause in the shooting, but shortly thereafter, gunshots began again. Ryan decided he was going to go to [Appellant's] property to tell him to stop.

Ryan went to [Appellant's] property, began banging on the storm door, and "told him to cut this s--t." [Appellant] did not respond to Ryan. Ryan told [Appellant] to come outside and yelled, "Stop shooting the f---ing gun, I got kids that are sleeping down there and you're scaring the s--t out of them." [Appellant] did not respond so Ryan got back on his ATV and began to head towards McCormick's property to get Shaun. Ryan believed that Shaun would be able to get [Appellant] to stop shooting the gun since they were friends.

The Bigelows rode their ATVs from McCormick's property to [Appellant's] property. Shaun arrived first and quietly knocked on the door. When Ryan arrived, he ran his ATV into [Appellant's] ATV because he was angry and as retaliation for [Appellant] hitting his ATV earlier in the evening. Ryan proceeded to come to [Appellant's] front door to his house and bang on the door. [Appellant] came to the front door with a gun. Shaun said to Ryan, "Ryan, let it go he's got a gun, let it go, we'll deal with it tomorrow." Ryan approached the door, at which time, [Appellant] told him to get off his property or else he was going to "blow the barrel." Ryan told [Appellant] if he did not come outside and face him without a gun, he would "gut him like a pig" and threatened to burn his house down.

[Appellant] proceeded to stick the barrel of the gun out of the storm door and poked Ryan with the gun. Ryan then called [Appellant] a ["]f---ing p---y["] and said, "you don't have a hair on your a-- to pull that trigger." [Appellant] pulled the trigger, shooting Ryan in the abdomen at point blank range. Shaun began screaming at [Appellant], "Darren what the f--k are you doing? It's Shaun, it's Shaun, what are you doing." [Appellant] turned towards Shaun and shot him in the abdomen.

Appellant was charged with two counts of attempted homicide and four counts of aggravated assault. Appellant proceeded to a jury trial, where he testified that he acted in self-defense, but was convicted on all charges. On December 21, 2006, Appellant was sentenced to two consecutive terms of twenty to forty years of imprisonment at the attempted homicide convictions. Appellant received no further penalty on the remaining charges, which merged with the attempted homicide counts.

Appellant filed a timely notice of appeal. On appeal, Appellant sought to challenge the discretionary aspects of his sentence. However, after counsel failed to file a Pa.R.A.P. 2119(f) statement and the Commonwealth objected, we deemed Appellant's challenges to the discretionary aspects of his sentence waived and affirmed his judgment of sentence.

Appellant filed a timely *pro se* PCRA petition and amended it several times, thereafter. The petition included allegations that, *inter alia*, his appellate counsel was ineffective for failing to include the Rule 2119(f) statement in his appellate brief. After two hearings, the PCRA court found that Appellant's PCRA counsel had a conflict of interest, due to the fact that he shared office space, sometimes worked with, and often praised the attorney whose ineffectiveness Appellant sought to attack in his petition. New counsel filed another amended PCRA petition. On July 12, 2010, the PCRA court issued an order and opinion denying Appellant's motions and amended PCRA petition. On appeal, we issued an order vacating the PCRA court's July 12, 2010 dismissal, since it failed to first give notice of its intention to dismiss the petition pursuant to Pa.R.Crim.P. 907(1).

On remand, the PCRA court issued a proper Pa.R.Crim.P. 907(1) notice of its intent to dismiss Appellant's petition. After several defense continuances were granted, Appellant filed an amended PCRA petition and response to the court's notice of intent to dismiss. The PCRA court issued an order and opinion, addressing

Appellant's fifteen claims of counsel ineffectiveness and [Appellant's] allegation that the newly enacted castle doctrine applied to him, and [the PCRA court denied] the [PCRA] petition without a hearing.

A timely appeal followed. On appeal, Appellant raised several allegations of ineffectiveness, including an allegation that appellate counsel was ineffective for failing to include a Rule 2119(f) statement in his appellate brief. We agreed and found that appellate counsel's ineffectiveness compromised Appellant's direct appellate rights. Without reaching any other issues, we reversed the PCRA court's order and remanded to the case to the PCRA court, directing it to reinstate Appellant's direct appeal rights *nunc pro tunc*.

On reinstated direct appeal, Appellant challenged the trial court's admission of testimony about his state of mind and prior bad acts, along with its inclusion of color photographs that depicted the Bigelows' injuries. We affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Gentilquore***, 107 A.3d 222 (Pa. Super. filed Sept. 9, 2014) (unpublished memorandum), *appeal denied* 113 A.3d 278 (Pa. filed Apr. 8, 2015).

Appellant filed a timely *pro se* PCRA petition [on May 29, 2015. The PCRA court appointed Joseph Gregory McGraw, Esq. (Attorney McGraw) to represent Appellant. ***See*** Order, 11/6/15]. [Attorney McGraw] filed an amended PCRA petition [on January 3, 2017,] raising fourteen issues of trial counsel ineffectiveness. After several continuances, an evidentiary hearing was held on March 29, 2018. At the hearing, Appellant's trial counsel, Paul Walker and Matthew Comerford, both testified. After each side submitted post-hearing briefs, the PCRA court denied the petition [in an order filed on January 14, 2019].

***Commonwealth v. Gentilquore***, 295 MDA 2019, 2020 WL 1304173, at *1–3 (Pa. Super. filed Mar. 18, 2020) (unpublished mem.) (some citations omitted and formatting altered).

On February 13, 2019, Appellant filed a timely appeal from the January 14, 2019 order denying his PCRA petition. **See id.** at *3.[2] In that appeal, Appellant argued that both trial counsel were ineffective for failing to: file pretrial motions to investigate expert testimony; introduce evidence of the victims' intoxication; and object to the introduction of an irrelevant assault rifle at trial. **See id.** at *4. After review, this Court concluded that Appellant failed to establish prejudice with respect to his claim that his trial counsel was ineffective in failing to establish the extent to which the victims were intoxicated. **See id.** Further, this Court concluded that Appellant's claims concerning trial counsel's failure to file pretrial motions to investigate expert testimony and failure to object to the introduction of the rifle were meritless. **See id.** at *4-5. Therefore, on March 18, 2020, this Court affirmed the January 14, 2019 order denying Appellant's PCRA petition. **See id.** at *5. Appellant did not seek allowance of appeal in our Supreme Court.

On May 14, 2020, Appellant filed a *pro se* second PCRA petition alleging that Attorney McGraw was ineffective and challenging the imposition of restitution. **See** *Pro Se* Second PCRA Petition, 5/14/20.[3] Specifically,

---

[2] Attorney McGraw remained Appellant's counsel of record throughout the PCRA appeal process. **See** Notice of Appeal, 2/13/19; Superior Ct. Certificate of Remittal, 5/21/20.

[3] Appellant's May 14, 2020 PCRA petition was chronologically his third PCRA petition, but because his first PCRA petition resulted in the reinstatement of his direct appeal rights *nunc pro tunc*, the subsequent May 29, 2015 PCRA petition, which was chronologically his second PCRA petition, was treated as
*(Footnote Continued Next Page)*

Appellant claims that Attorney McGraw was ineffective for failing to argue in Appellant's PCRA appeal that the castle doctrine (18 Pa.C.S. § 505) should apply retroactively to Appellant's case, despite Attorney McGraw's conclusion that this claim was baseless. *See id.* at ¶¶9-14. Moreover, Appellant asserted that the trial court improperly added a restitution component to Appellant's sentence. *See id.* at ¶¶15-18.

On February 3, 2022, the PCRA court held a hearing, and on April 4, 2022, the PCRA court denied Appellant's second PCRA petition for lack of merit. *See* Order, 4/4/22. Appellant filed a motion for reconsideration on April 11, 2022, and on April 21, 2022, the PCRA court filed an order scheduling a hearing for June 10, 2022, on Appellant's motion for reconsideration. However, the April 21, 2022 order did not expressly grant reconsideration.

On June 10, 2022, the PCRA court held the hearing, and on June 27, 2022, the PCRA court entered an order purporting to grant in part, and denying in part Appellant's reconsideration motion. *See* Order, 6/27/22. Specifically, the PCRA court stated it was granting reconsideration with respect to Appellant's claim concerning restitution and denied reconsideration of Appellant's second PCRA petition in all other respects. *See id.* Appellant filed a notice of appeal on July 11, 2022. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

_____

a first PCRA petition. *See Commonwealth v. Vega*, 754 A.2d 714, 716 n.3 (Pa. Super. 2000).

On appeal, Appellant presents the following issues:

1. Whether Appellant is entitled to retroactive application of 18 Pa.C.S. § 505(2.1)(b)(i-ii) (hereinafter the "castle doctrine") where he was on direct appeal at the time the castle doctrine was the controlling law in the Commonwealth; where appellants on direct appeal are traditionally entitled to the application of the law at the time of the appeal; and this Court has found the castle doctrine to be procedural and therefore subject to retroactive application.

2. Whether the [PCRA] court manifestly abused its discretion in finding prior counsel was not ineffective where the [PCRA] court was never properly presented the issue of retroactive application of the castle doctrine at the March 29, 2018 hearing and February 3, 2022[] hearing, and therefore has not made a definitive ruling thereon; where the [PCRA] court considered the undocketed Second Amended Petition for Post-Conviction Collateral Relief in rendering its decision; and where prior counsel did not raise the issue of retroactive application of the castle doctrine to Appellant's case outside of the March 29, 2018 hearing and undocketed petition.

3. Whether considerations of equity, truth, and justice call for Appellant to be awarded a new trial based upon his case's tortured history and the litany of errors committed by prior counsels that have prejudiced his due process rights resulting in his continued incarceration for the last sixteen (16) years.

Appellant's Brief at 4-5 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

- 7 -

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

Moreover, we note that the timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted).[4] A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

_____

[4] Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

*(Footnote Continued Next Page)*

Before we reach the merits of Appellant's appeal, we must first determine whether Appellant's notice of appeal was timely. It is well settled that the timeliness of an appeal is jurisdictional, and a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. *See Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000); Pa.R.A.P. 903(a).

As noted previously, the PCRA court denied Appellant's second PCRA petition on April 4, 2022. Therefore, Appellant had until May 4, 2022, to file a timely notice of appeal. The appeal period under Pa.R.A.P. 903(a) may only be tolled if the PCRA court enters an order "expressly grant[ing] reconsideration within the thirty[-]day appeal period." *Moir*, 766 A.2d at 1254; Pa.R.A.P. 1701(b)(3). Indeed, the filing of a motion for reconsideration alone, in the absence of an order from the PCRA court expressly granting reconsideration within thirty days, does not toll the appeal period. *Moir*, 766

_____

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). Additionally, we note that on October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. See 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

A.2d at 1254. Instantly, the PCRA court scheduled a hearing on Appellant's motion for reconsideration, but such action by itself does not toll the appeal period. *See id.* (holding that the trial court's action of scheduling a hearing on a motion for reconsideration was insufficient to toll the appeal period).

Because the PCRA court did not expressly grant Appellant's motion for reconsideration of its April 4, 2022 order denying Appellant's second PCRA petition within the thirty-day appeal period, the time for filing an appeal was not tolled. Therefore, the PCRA court's June 27, 2022 order is a nullity,[5] and Appellant's July 11, 2022 notice of appeal was untimely.[6] Since Appellant did

_____

[5] *See Moir*, 766 A.2d at 1254; *see also See Commonwealth v. Harris*, 230 A.3d 1124, 1127 (Pa. Super. 2020) (holding that any "act taken by a court without proper jurisdiction is null and void.").

[6] In any event, even if Appellant had filed a timely appeal, we would conclude that his second PCRA petition was untimely. Appellant's judgment of sentence became final on July 7, 2015, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, when the time for petitioning for a writ of *certiorari* in the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until July 7, 2016, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Here, Appellant's second PCRA petition was not filed until May 14, 2020, and as such, it is patently untimely. Further, Appellant did not allege and prove an exception to the time bar pursuant to Section 9545(b)(1)(i)-(iii). Although the PCRA court held a hearing and denied Appellant's second PCRA petition for lack of merit, Appellant's petition was untimely, and therefore, the PCRA court did not have jurisdiction to address the merits of his claims. *See Ballance*, 203 A.3d at 1031. Accordingly, even if Appellant had filed a timely appeal, we would conclude that Appellant's second PCRA petition was untimely, and we would affirm the PCRA court's order denying Appellant's petition on the basis that it was untimely filed. *See Commonwealth v. Beck*, 848 A.2d 987, 991 n.8 (Pa. Super. 2004) (holding that we may affirm the PCRA court's decision if it is correct on any basis).

not file a timely appeal preserving his appellate rights, we are without jurisdiction to address his appeal. ***See id.*** For these reasons, we are constrained to quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/04/2023