J-A12003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EMANUELE CASSANI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLGA SOFIA KAMIAK | : | |
| | : | |
| Appellant | : | No. 2961 EDA 2022 |

Appeal from the Order Entered November 22, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2019-20404

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 12, 2023**

Olga Sofia Kamiak ("Mother") appeals *pro se* from the November 22, 2022 custody order concerning the parties' four-year-old son, A.C. ("Child"). The challenged order denied as moot the emergency petition for contempt file by Emanuele Cassani ("Father"); denied the parties' cross-claims to modify the custody order; and granted Father's request to travel with Child to Italy in December of 2022, *inter alia*.[1] We vacate and remand.

It is undisputed that Father is from Italy, and Mother is from Belarus. Father initiated a divorce action in 2019, and the parties filed cross-complaints for custody of Child that same year. The trial court issued a custody order on January 14, 2020 ("original order"), when Child was twenty-one months old,

---

[1] Father did not file an appellee brief in this case.

which awarded the parties shared legal and physical custody on an alternating weekly basis. In the highly contentious underlying custody action, the parties never contested the shared custody award.

Given their countries of origin, the original order included parameters for the parties to travel internationally with Child. It required that Child have a United States passport and that it be renewed on a timely basis. However, the original order prohibited Father from obtaining an Italian passport for Child. In addition, when either party desired to take an international trip with Child, the court required that he or she "submit a proposed order to the court which shall contain Child's proposed travel dates, itinerary, flight information and address while traveling [abroad]. The parent proposing travel shall give a minimum of 45 days written notice." Order, 1/14/20, at ¶ 9.

The ensuing procedural history is relevant to this appeal. On October 25, 2021, Mother filed a counseled petition to modify the original order, wherein she requested, in part, that the custody schedule be modified from Child alternating between her and Father on a weekly basis to a 2-2-3 basis, which she averred was more suitable for the then three-year-old Child. In addition, Mother requested that the court suspend Child's international traveling until he is ten years old, alleging that Father intended to abscond with Child. Father filed an answer denying Mother's allegations.

On November 22, 2021, Father filed a cross-petition to modify the original order. He requested, in part, that the parties no longer be required

to submit a proposed order for international travel and that they be mandated to provide 30 days' notice of proposed travel rather than 45 days' notice. Father also requested that the court modify the Christmas custody schedule to accommodate his desire to travel with Child to Italy in alternating years.

The trial court scheduled a hearing on the above petitions for March 30, 2022. Pursuant to a scheduling order, on March 23, 2022, and March 25, 2022, Father and Mother, through counsel, filed their respective pre-trial memoranda which included, in part, the names of witnesses to be called and an analysis of the custody factors delineated in 23 Pa.C.S.A. § 5328(a). For reasons unspecified in the record, the court held a conference and not an evidentiary hearing on March 30, 2022, which resulted in the *interim* order dated March 30, 2022 ("*interim* order"). The trial court docket reveals that no record was made of the March 30, 2022 proceeding.

The *interim* order modified the original order by permitting either party, when Child was in the weekly custody of the other, to exercise custody for two hours after school until 6:00 p.m. on two separate occasions during the week and to pick Child up from school on those occasions. With respect to Mother's request that the court suspend Father's travel with Child to Italy until age ten, the order provided that neither party shall travel with Child "until the [s]tatus

hearing on April 13, 2022."[2]  *Interim* Order, 3/30/22, at ¶ 6.  The terms of the original order otherwise remained in effect.

Prior to the scheduled status hearing, on a date not revealed in the record, Father submitted a proposed order to travel with Child to Italy from August 24, 2022, until September 7, 2022.

The trial court held the status conference with the parties' counsel as scheduled, during which it signed the proposed order allowing Father to travel to Italy with Child from August 24, 2022, until September 7, 2022.  The April 13, 2022 order ("final order") also directed Mother to provide Father with Child's U.S. passport within fifteen days; directed Father to provide copies of his driver's license, green card, and passport to be kept on file with the trial court; and it set forth the itinerary for the proposed trip.  Mother timely appealed *pro se* from the final order, which this Court docketed at 1012 EDA 2022.

Thereafter, the parties filed the following pleadings which gave rise to the order which is the subject of this appeal (also referred to as "subject order").  On June 3, 2022, Father filed an emergency petition incorporating two requests, one for contempt of the final order and the other to modify the

---

[2] Mother, acting *pro se*, filed a notice of appeal from the *interim* order, which this Court docketed at 1174 EDA 2022.  By order filed on June 21, 2022, we quashed the appeal as interlocutory.

- 4 -

final order. At the time Father filed these petitions, Mother's appeal at 1012 EDA 2022 remained pending.

Father asserted that Mother had contravened the final order by failing to provide Child's passport. In addition, Father requested that Child's two-hour visits with the noncustodial parent be eliminated. He alleged that those visits had caused Child "extreme distress" and confusion "about who is picking him up [from school] and where he will be staying in the evening." Emergency Petition to Modify, 6/3/22, at ¶ 5(b)(xii)-(xiii). Father requested that the court modify the final order by returning to an alternating weekly custody schedule.

On August 11, 2022, Mother filed an amended answer to Father's emergency petition for contempt, wherein she asserted, *inter alia*, that the passport issue was moot due to this Court's order in her appeal at 1012 EDA 2022. Indeed, in an order filed on June 22, 2022, this Court granted Mother's request for a stay of the final order and directed Father to post $50,000.00 as security for Child's return from Italy on September 7, 2022. After Father complied with that order, this Court removed the stay on July 20, 2022, and directed Mother to provide Child's passport to Father no later than August 1, 2022.[3] As such, Father and Child had returned to the United States from Italy

_____

[3] This Court "ordered Father to post $50,000.00 as security, noting that he admitted making threats in the past that he would abscond with Child to Italy," which would be removed when Father "informed us that he had posted
*(Footnote Continued Next Page)*

by the time Mother filed her amended answer to Father's above-described emergency contempt petition.

On October 28, 2022, while her appeal at 1012 EDA 2022 remained pending, Mother filed an amended answer to Father's emergency petition for modification of the final order and counterclaim. Mother alleged that it was in Child's best interest to modify the custody schedule by alternating custody between the parties on a 2-2-3-day basis. Further, she alleged that Father, at a time unspecified in record, had proposed another trip with Child to Italy in December of 2022. She also renewed her request that Child's international travel be suspended until he is ten years old. Mother also averred that Father's recent trip to Italy with Child "was a **dry run** for Father to retain Child

_____

security." **Cassani v. Karniak**, 289 A.3d 85, 2022 Pa. Super. Unpub. LEXIS 2762 **2-3 (Pa. Super. filed November 22, 2022) (unpublished memorandum). We directed that "Father could move for return of security upon Child's return to the United States with Father on September 7, 2022." **Id.** at *3. Thereafter,

> Father posted a $50,000.00 bond in the [trial] court. On July 20, 2022, this Court removed the stay of the April 13, 2022 order and reiterated that Father could move for return of security upon Child's return to the United States with Father on September 7, 2022.

> On September 20, 2022, Father filed an application in this Court seeking return of security. Father averred that Child and Father returned to the United States on September 7, 2022. Mother did not file an answer to Father's application. On October 31, 2022, this Court entered an order directing return of all security posted by Father.

**Id.**

in Italy. . . ." Amended Answer and Counterclaim, 10/28/22, at ¶ 8(a) (emphasis in original).

The court scheduled a "protracted hearing" on the above-described petitions for November 22, 2022.[4] **See** Order, 11/7/22. Mother timely filed a pre-trial statement, but Father did not file the same. Critically, this hearing again occurred off-the-record, although Mother asserts that it was conducted *via* Zoom. **See** Mother's Brief at 14 (unpaginated). To be clear, no transcript or record of these proceedings or the testimony, if any, offered therein is present in the certified record.

By order dated and entered on November 22, 2022, the trial court dismissed Father's emergency contempt petition as moot. Further, the court denied the parties' cross-petitions to modify the final order. Moreover, the court granted Father's new request to travel with Child to Italy in December of 2022. The order provided that Child's "passport may be retrieved from the [c]ourt on Monday, December 19, 2022 by a [c]ourt [o]rder. Thereafter, said passport shall be returned to the [c]ourt upon completion of the trip. The parties shall have the passport of [Child] renewed before February 14, 2023." Order, 11/22/22, at ¶ 5.

It is important to note that, on the same date the trial court issued the subject order, this Court filed its memorandum in Mother's appeal at 1012

---

[4] Although the order listed the hearing as a "protracted hearing," it scheduled the hearing to commence at 1:00 p.m. for "1 hour." Order, 11/7/22.

EDA 2022, wherein we ordered that the appeal be dismissed as moot. *See* *Cassani*, *supra*. The panel concluded, "Mother's arguments boil down to the thesis that the [trial c]ourt's order was an abuse of discretion because Father intended to abscond to Italy with Child and never return. Father, however, returned from Italy to the United States with Child on September 7, 2022, the date specified in the [final] order." *Id.*

On November 23, 2022, Mother, acting *pro se*, filed a notice of appeal from the trial court's November 22, 2022 order, along with a concise statement of errors complained of on appeal. On December 6, 2022, Mother filed in the trial court a motion to stay the subject order, which the court granted by order entered on December 13, 2022. Specifically, the order provided, "the order of November 22, 2022 is stayed pending disposition of the appeal [before the Superior Court] docketed at no. 2961 EDA 2022 [the instant appeal]." *See* Order, 12/13/22.

On December 19, 2022, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), wherein it asked this Court to vacate the subject order and remand the case on the basis that it lacked jurisdiction over the subject matter pursuant to Pa.R.A.P. 1701 (Effect of Appeal Generally).

On appeal, Mother raises eight issues for review, as follows.[5]

I.    Has the trial court erred and/or abused its discretion by ignoring Pa.R.A.P. 1701, which states, *inter alia*, "Except as

---

[5] We have re-ordered Mother's issues in her statement of questions involved in her brief for ease of disposition.

otherwise prescribed by these rules, after an appeal is taken or review of a quasi-judicial order is sought, the trial court or other government unit may no longer proceed further in the matter," whereas in this case, the court to deny the fact that the custody matters under docket no. 1012 EDA 2022 have not been relinquished/remitted and the record was scheduled to be remitted on December 22, 2022, and still proceeded with the November 22, 2022 hearing?

II. Has the trial court erred and/or abused its discretion by failing to consider the alternative [to Child going to Italy in December of 2022]: the visits with the paternal relatives to visit Child in the United States, given Mother's concern of parental abduction to Italy, and not considering Mother's New Year's Eve 2022 and New Year's Day 2023 [custodial award and her planned] celebration with Child?

III. Has the trial court erred and/or abused its discretion by ignoring the fact that Father failed to submit the required pretrial statement but still used exhibits during the hearing in order to justify his suggested travel to Italy in December 2022?

IV. Has the trial court erred and/or abused its discretion by ignoring any and all requests for relief in the amended answers with counterclaim and pretrial statement as requested relief was in Child's best interest pursuant to 23 Pa.C.S.A. § 5328(a)?

V. Has the trial court erred and/or abused its discretion by issuing the subject order which was contrary to the record and testimony of the parties at the Zoom hearing and contrary to the best interest of Child pursuant to 23 Pa.C.S.A. § 5328(a)?

VI. Has the trial court erred and/or abused its discretion by not allowing ample time between the conference scheduled on November 7, 2022, and a one-hour "protracted hearing" *via* Zoom call scheduled on November 22, 2022 to allow Mother to adequately prepare and subpoena appropriate witnesses for the hearing?

VII. Has the trial court committed an error of law and/or abuse of discretion by providing that it "resolved any outstanding

issues," which contradicts the court's statements at the hearing of taking under advisement requests and changes to custody order provisions requested in Mother's counterclaim and pretrial statement?

VIII. Has the trial court violated Pa.R.C.P. 1915.10(b)(2) by ignoring Mother's raised concerns of Child's risk of international abduction?

Mother's Brief at 1-2 (unpaginated) (cleaned up).[6]

In her first issue, Mother, like the trial court, requests that this Court vacate the subject order and remand the case. Specifically, she asserts that by appealing the final order to this Court, docketed at 1012 EDA 2022, the trial court was divested of original jurisdiction to issue the subject order. Further, Mother asserts that, inasmuch as the record at 1012 EDA 2022 was not remanded, the trial court's jurisdiction over the final order had not revested on November 22, 2022. *Id.* at 7-8 (unpaginated). We disagree.

It is well-settled that the "lack of subject-matter jurisdiction can **never be waived**; it may be raised at any stage in the proceedings by the parties or by a court on its own motion." *Commonwealth v. Harris*, 230 A.3d 1124, 1126 (Pa. Super. 2020) (emphasis in original) (citation omitted). Further,

_____

[6] With respect to Mother's eighth issue, she did not assert an error regarding it in her concise statement of errors complained of on appeal. Therefore, Mother's eighth issue is waived. *See In re M.Z.T.M.W.*, 163 A.3d 462, 466 (Pa. Super. 2017) (citing *City of Philadelphia v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016)) ("With respect to issues not included in a concise statement, our Supreme Court has instructed that this Court has no discretion in choosing whether to find waiver. Waiver is mandatory, and this Court may not craft *ad hoc* exceptions or engage in selective enforcement.").

"[j]urisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." *Id.* (citation omitted).

This Court has explained:

Under Pennsylvania Rule of Appellate Procedure 1701(a), "the filing of a notice of appeal divests the trial court of jurisdiction." *Commonwealth v. Cooper*, 611 Pa. 437, 27 A.3d 994, 1005 (Pa. 2011). Except in situations not applicable here, Rule 1701(a) dictates that, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701.

. . .

A Superior Court decision and order of remand with instructions, . . . does **not** automatically and immediately revest a trial court with jurisdiction, nothwithstanding this Court's use of the phrase "jurisdiction relinquished" in the decision. Procedurally, our decisions are not necessarily the final word on appeal. Thus, our phraseology is actually shorthand for, "jurisdiction relinquished, if and when remand becomes appropriate by an operation of law."

Regarding the timing of a remand to a lower court, the appellate rules provide, "Remand is stayed until disposition of: (1) an application for reargument; (2) any other application affecting the order; or (3) a petition for allowance of appeal from the order. The court possessed of the record shall remand 30 days after either the entry of a final order or the disposition of all post-decision applications, whichever is later." Pa.R.A.P. 2572(b).

We have construed Appellate Rule 2572 as setting the earliest possible date for remanding a record to the trial court. "Quite simply, the prothonotary may remand the record any time after thirty days have passed from the Superior Court's judgment." *Commonwealth v. Sisneros*, 692 A.2d 1105, 1109 (Pa. Super. 1997).

*Harris*, 230 A.3d at 1126-1127 (emphasis in original).

Instantly, it is undisputed that this Court filed its memorandum in 1012 EDA 2022 on November 22, 2022, the same date that the trial court held the

- 11 -

Zoom hearing and issued the subject order. As such, the record had not been remanded on November 22, 2022. **See Harris**, **supra**; **see also** Pa.R.A.P. 2572. However, we disagree that the prior appeal divested the trial court of jurisdiction with respect to the subject order.

The Rule provides, in relevant part:

**Rule 1701. Effect of Appeal Generally**

**(a) General rule.--** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

. . .

**(c) Limited to matters in dispute.-- Where only a particular item, claim**, or assessment **adjudged in the matter is involved in an appeal**, or in a petition for review proceeding relating to a quasijudicial order, **the appeal** or petition for review proceeding **shall operate to prevent the trial court** or other government unit **from proceeding further with only such item**, **claim**, or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

. . .

Pa.R.A.P. 1701(a), (c) (emphasis added).

As stated above, the panel in Mother's appeal at 1012 EDA 2022 determined that the sole matter in dispute was whether the trial court abused its discretion by permitting Father to travel to Italy with Child from August 24, 2022, to September 7, 2022, based on her allegation that Father intended to abscond to Italy with Child and never return. **See Cassani**, **supra**. Because

Father had returned from Italy to the United States with Child on September 7, 2022, the panel dismissed that appeal as moot. *Id.*

However, on November 22, 2022, the trial court needed to resolve Father's new proposal to travel with Child to Italy again in December of 2022. In addition, the trial court needed to resolve, *inter alia*, the parties' dispute regarding which custody schedule was best for Child, alternating between Mother and Father on a 2-2-3 basis or on weekly basis. Therefore, the issues before the trial court were different than those on appeal at 1012 EDA 2022, and the court was not divested of jurisdiction to rule on them. We conclude Mother's first claim is without merit.[7]

Having concluded that the trial court was not divested of jurisdiction in the underlying matter, we now turn to Mother's substantive claims. In her second issue, Mother asks this Court to consider whether the trial court abused its discretion by granting Father's proposed trip to Italy with Child again in December of 2022, bearing in mind her allegation that he still planned to abscond with Child. In her third issue, Mother requests that we review whether the court abused its discretion by permitting Father to introduce exhibits in support of his proposed trip during the November 22, 2022 hearing.

---

[7] It is important to note that, unlike the procedural posture in Mother's appeal at 1012 EDA 2022, the trial court stayed the subject order on December 13, 2022, and there is no evidence in the record that Father's proposed trip to Italy with Child in December of 2022 occurred. Therefore, the instant appeal is not moot.

In her fourth and fifth issues, Mother requests that we review whether the court abused its discretion in denying her request for Child's custody schedule to alternate on a 2-2-3-day basis. In her sixth and seventh issues, Mother questions whether the court permitted her to present her witnesses in support of her allegations.

Generally, these claims implicate the trial court's November 22, 2022 order, which concerned various aspects of the parties' custody of Child. Our scope and standard of review in child custody matters is well-established.

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

*R.M.G., Jr. v. F.M.G.*, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting *Bovard v. Baker*, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

> [O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.
>
> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

- 14 -

>*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 902 A.2d 533, 539 (Pa. Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

As the foregoing precedent makes clear, our principal responsibility in the context of custody matters is to ensure that the trial court's findings and rulings are supported by competent evidence. *Id.* Our ability to do so, however, is largely dependent upon the state of the certified record. Instantly, the incomplete nature of the certified record hamstrings our ability to conduct our mandated review. Specifically, the November 22, 2022 hearing, which immediately preceded the trial court's entry of the underlying order in this appeal, was conducted as an off-the-record video conference. As detailed above, we discern that no record of these proceedings, or the evidence and testimony adduced therein, was created by the trial court.

Because the subject hearing was inexplicably conducted off the record, we are unable adequately to review Mother's second through seventh issues on appeal. Upon thorough review of Mother's arguments, the parties' pleadings, and the court's orders in the certified record, there is no indication that the trial court held an appropriate evidentiary hearing. Furthermore, we cannot assess the findings of the trial court to ensure that its determinations are supported by competent evidence.

Pennsylvania Rule of Appellate Procedure 1926(a) provides that, "[i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth." Pa.R.A.P. 1926(a). In past instances, this Court has relied upon Rule 1926 to vacate and remand for further proceedings due to the incompleteness of records created in the court below. **See Supko v. Monoskey**, 461 A.2d 253, 257-258 (Pa. Super. 1983) (vacating a purported custody order and remanding for further proceedings where an "incomplete" record hampered this Court's ability to conduct meaningful appellate review).

Accordingly, we vacate the November 22, 2022 custody order and remand the case to the trial court to schedule promptly a full evidentiary hearing of the parties' cross-petitions to modify. On remand, we direct that the trial court prohibit Father from international travel with Child prior to the full evidentiary hearing and the court's new custody order arising therefrom.[8]

Order vacated. Appellant's Application for Relief denied as moot. Case remanded. Jurisdiction relinquished.

Judge McLaughlin joins this Memorandum.

Judge Nichols files a Dissenting Memorandum.

---

[8] Mother filed *pro se* an application requesting that this Court "take into consideration that transcripts are unavailable" for review. Application for Relief, 5/12/23, at 1. Based on this disposition, Mother's application is moot.

- 16 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023