J-A08029-20

2020 PA Super 63

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                              :              PENNSYLVANIA
                                                              :
              v.                                              :
                                                              :
                                                              :
                                                              :
HAL HARRIS,                                                   :
                                                              :
              Appellant                                       :    No. 1888 EDA 2019

Appeal from the Order Dated May 31, 2019,
in the Court of Common Pleas of Pike County Criminal,
Division at No(s):  CP-52-CR-0000246-2015.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

OPINION BY KUNSELMAN, J.:                           **FILED MARCH 13, 2020**

Hal Harris appeals, *pro se*, from an order that the Court of Common

Pleas of Pike County entered on May 31, 2019, which purportedly expunges

Mr. Harris' criminal record pursuant to an opinion that this Court filed two days

earlier.  However, because the trial court lacked jurisdiction on May 31, 2019,

the order it issued that day is without legal force or effect.  As such, we vacate

the appealed-from order.

In this Court's May 29, 2019 opinion, we related the procedural posture

of Mr. Harris' case as follows:

> [T]he Commonwealth filed an information, charging [Mr.
> Harris] with sixty-six counts.  In September 2017, trial
> commenced, resulting in [his] acquittal on all counts.
>
> On October 6, 2017, [Mr. Harris] filed a petition for
> expungement. The trial court granted expungement.
> Shortly thereafter, [Mr. Harris] filed a motion for

> reconsideration and two supplements thereto, asserting several errors and/or omissions in the expungement order.
>
> [On November 26, 2018, Mr. Harris] timely appealed.

*Commonwealth v. Harris*, 212 A.3d 64, 66 (Pa.Super. 2019) (hereafter, "*Harris-I*"), *appeal denied*, ___ A.3d ___, 2020 WL 219106 (Pa. 2020) (citations to the record omitted). Mr. Harris raised eight issues in that appeal. *See id.* at 66-67.

In *Harris-I*, this Court found some of those issues to be meritorious. We therefore concluded the expungement order required corrections, vacated that order, and remanded with instructions. *See id.* at 70. In the disposition line, the opinion stated, "Jurisdiction relinquished." *Id.*

Two days later, the trial court issued an order granting Mr. Harris' expungement in accord with the specific instructions from our opinion in *Harris-I*. However, this Court had not remanded the record or its judgment to the trial court at that time.

Believing that the Superior Court had erred by finding that some of his appellate issues did not warrant relief, Mr. Harris petitioned the Supreme Court of Pennsylvania for an allowance of appeal. The Supreme Court denied that petition on January 15, 2020. *Commonwealth v. Harris*, ___ A.3d ___, 2020 WL 219106 (Pa. 2020) (hereafter, "*Harris-II*").

Although that appeal was still pending, Mr. Harris also filed the instant appeal to this Court, challenging the trial court's May 31, 2019 order of expungement.

Mr. Harris raises many claims of error in this appeal. **See** Harris' Brief at 3-5. We only address the first issue, because it resolves the case.

Mr. Harris asks:

> Did the trial court [err] by issuing the 2nd [expungement order] with blinding speed on May 31st, 2019 . . . when the trial court was fully aware an appeal of [its] denial of [Mr. Harris'] motion . . . was pending, at that time, before Superior Court of Pennsylvania under Docket No. 3397 EDA 2018?

**Id.** at 3. Although Mr. Harris argues other reasons for the trial court's error, we conclude the trial court lacked jurisdiction to issue the May 31, 2019 order.

The Supreme Court of Pennsylvania has long held that "lack of subject-matter jurisdiction can **never be waived**; it may be raised at any stage in the proceedings by the parties or by a court in its own motion." **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974) (emphasis added). We *sua sponte* raise that jurisdictional question here.[1]

"Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Commonwealth v. Seiders**, 11 A.3d 495, 496–97 (Pa. 2010).

---

[1] This Court often sees, especially in matters involving *pro se* litigants, trial courts not pausing to ask whether they have subject-matter jurisdiction before proceeding to address the merits of a case. We cannot stress enough that this question, while easily neglected by the parties, should always remain the **quintessential** threshold issue that every judge must ponder at the outset of a case. And, if the trial judge finds jurisdiction to be lacking, that judge should either (a) take no action or (b) transfer an improperly filed matter to the appropriate tribunal.

Under Pennsylvania Rule of Appellate Procedure 1701(a), "the filing of a notice of appeal divests the trial court of jurisdiction." *Commonwealth v. Cooper*, 27 A.3d 994, 1005 (Pa. 2011). Except in situations not applicable here, Rule 1701(a) dictates that, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701.

On November 26, 2018, Mr. Harris appealed the trial court's November 7, 2018 order to this Court. Mr. Harris thereby divested the trial court of its original jurisdiction over this case and invoked our appellate jurisdiction. Thus, unless some event intervened to return jurisdiction to the trial court, it lacked jurisdiction to issue any order in this case on May 31, 2019.

A Superior Court decision and order of remand with instructions, like the disposition in *Harris-I*, does *not* automatically and immediately revest a trial court with jurisdiction, nothwithstanding this Court's use of the phrase "jurisdiction relinquished" in the decision. Procedurally, our decisions are not necessarily the final word on appeal. Thus, our phraseology is actually shorthand for, "jurisdiction relinquished, if and when remand becomes appropriate by an operation of law."

Regarding the timing of a remand to a lower court, the appellate rules provide, "Remand is stayed until disposition of: (1) an application for reargument; (2) any other application affecting the order; or (3) a petition for allowance of appeal from the order. The court possessed of the record shall remand 30 days after either the entry of a final order or the disposition of all post-decision applications, whichever is later." Pa.R.A.P. 2572(b).

- 4 -

We have construed Appellate Rule 2572 as setting the earliest possible date for remanding a record to the trial court. "Quite simply, the prothonotary may remand the record any time after thirty days have passed from the Superior Court's judgment." **Commonwealth v. Sisneros**, 692 A.2d 1105, 1109 (Pa.Super. 1997). Hence, the earliest date for remand to the trial court was 30 days **after** the Supreme Court of Pennsylvania denied Mr. Harris' petition for allowance of appeal. The High Court denied his request for an allowance of appeal on January 15, 2020 in **Harris-II**, at which point **Harris-I** became a final, binding appellate decision. Thus, the record was not due for remand to the trial court until February 15, 2020, at the earliest.

We therefore hold that, under Appellate Rules 1701 and 2572, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed. Otherwise, as the procedural posture of this case demonstrates, the trial court risks following an appellate decision that may not ultimately be the final law of the case. When the trial court issued its May 31, 2019 order, our appellate process had not yet fully run its course. At the time the trial court acted (two days after this Court published its opinion in **Harris-I**), both Mr. Harris and the Commonwealth still had the right to seek panel reconsideration, *en banc* reargument, and/or review by the Supreme Court of Pennsylvania and ultimately the Supreme Court of the United States.

Thus, the trial court's original jurisdiction had **not** revested by May 31, 2019. Any "act taken by a court without proper jurisdiction is null and void."

*Commonwealth v. Miller*, 452 A.2d 820, 821 (Pa.Super. 1982). As such,

the May 31, 2019 order at bar is a legal nullity.[2]

Order vacated.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/20

---

[2] The trial court may reenter an order in accordance with *Commonwealth v. Harris*, 212 A.3d 64, 66 (Pa.Super. 2019), *appeal denied*, ___ A.3d ___, 2020 WL 219106 (Pa. 2020), to expunge Mr. Harris' criminal record, once the official record from *Harris-I* returns to it and our judgment vacating its appealed-from order becomes final, under Pa.R.A.P. 2572 and our above analysis. In other words, if no party seeks reconsideration in this Court or petitions for allowance of appeal in the Supreme Court, the trial court may proceed once **both** records have returned to it.