J-A12003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| EMANUELE CASSANI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| OLGA SOFIA KAMIAK | : | |
| | : | |
| Appellant | : | No. 2961 EDA 2022 |

Appeal from the Order Entered November 22, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2019-20404

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

DISSENTING MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 12, 2023**

I respectfully dissent. Because the record in the prior appeal had not yet been remanded when the trial court filed the order underlying the instant appeal, I am constrained to conclude that the trial court lacked jurisdiction. Therefore, the November 22, 2022 order was a nullity. Accordingly, I agree with the trial court that the order should be vacated, and that the case should be remanded to the trial court. *See* Trial Ct. Op., 12/19/22, at 3.

The record reflects that on June 3, 2022, while the appeal at 1012 EDA 2022 was pending before this Court, Emanuele Cassani (Father) filed a petition before the trial court in which he alleged that Olga Sofia Kamiak (Mother) was in contempt of the March 13, 2022 final custody order, and requested modification of the final order. Mother subsequently filed amended answers and a cross-motion to modify custody. On November 22, 2022, the trial court filed the order underlying this appeal which denied Father's petition for

contempt, denied the parties' cross-motions to modify the final custody order, and granted Father's request to travel to Italy in December of 2022. **See** Order, 11/22/22.

That same day, this Court dismissed appeal pending at 1012 EDA 2022 as moot. However, as of that date, the certified record had not yet been remanded to the trial court. Indeed, pursuant to the Pennsylvania Rules of Appellate Procedure, the earliest the record could have been remanded to the trial court was on December 23, 2022, thirty-one days after this Court's November 22, 2022 decision. **See** Pa.R.A.P. 2572(a)(2).[1]

As a general rule, the trial court may not proceed in a matter once an appeal has been taken. **See** Pa.R.A.P. 1701(a). However, as the Majority correctly notes, there are limited exceptions. **See** Maj. Mem. at 12 (citing Pa.R.A.P. 1701(c)). Rule 1701(c) provides in relevant part as follows:

> Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, . . . the appeal . . . shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court . . . or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(c). However, even if Rule 1701(c) permitted the rest of the case to proceed, the certified record had not yet been remanded to the trial

---

[1] Mother sought reconsideration of the November 22, 2022 decision with this Court, which was denied, and she subsequently filed a petition for allowance of appeal with our Supreme Court, which was also denied. Due to these filings subsequent to our November 22, 2022 decision, the record was not remanded to the trial court until March 22, 2023. **See** Pa.R.A.P. 2572(b).

court pursuant to Pa.R.A.P. 2572 when the trial court entered the November 22, 2022 order.

In **Commonwealth v. Harris**, 230 A.3d 1124 (Pa. Super. 2020), this Court explained:

> We have construed [Pa.R.A.P. 2572] as setting the earliest possible date for remanding a record to the trial court. Quite simply, the prothonotary may remand the record any time after thirty days have passed from the Superior Court's judgment. Hence, the earliest date for remand to the trial court was 30 days after the Supreme Court of Pennsylvania denied Mr. Harris' petition for allowance of appeal. The High Court denied his request for an allowance of appeal on January 15, 2020 . . . at which point [the Superior Court's decision] became a final, binding appellate decision. Thus, the record was not due for remand to the trial court until February 15, 2020, at the earliest.
>
> We therefore hold that, under Appellate Rules 1701 and 2572, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed. Otherwise, as the procedural posture of this case demonstrates, the trial court risks following an appellate decision that may not ultimately be the final law of the case. When the trial court issued its May 31, 2019 order, our appellate process had not yet fully run its course. At the time the trial court acted (two days after [the Superior] Court published its opinion []), both Mr. Harris and the Commonwealth still had the right to seek panel reconsideration, *en banc* reargument, and/or review by the Supreme Court of Pennsylvania and ultimately the Supreme Court of the United States.
>
> Thus, the trial court's original jurisdiction had not revested by May 31, 2019. Any act taken by a court without proper jurisdiction is null and void. As such, the May 31, 2019 order at bar is a legal nullity.

**Harris**, 230 A.3d at 1127 (citations and footnote omitted and formatting altered); **see also Bell v. Kater**, 839 A.2d 356, 358 (Pa. Super. 2003) (holding that where the certified record had not yet been remanded when the

- 3 -

trial court entered its order, the trial court did not have jurisdiction to enter such order and, therefore, such order is void).

Accordingly, even if the appeal at 1012 EDA 2022 did not preclude the trial court from taking further action pursuant to Pa.R.A.P. 1701, we must decide whether the record was remanded to the trial court under Pa.R.A.P. 2572 and determine whether the trial court had jurisdiction at the time of the order. *See* Pa.R.A.P. 2572; *Harris*, 230 A.3d at 1127. Because the record had not yet been remanded to the trial court when the trial court entered the November 22, 2022 order, the trial court lacked jurisdiction, and the order is a legal nullity pursuant to Pa.R.A.P. 2572 and *Harris*. For these reasons, I would vacate the order and remand this matter to the trial court. Therefore, I respectfully dissent.