IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marian F. DeSantis,                     :
                    Appellant           :
                                        :
        v.                              :   No. 570 C.D. 2023
                                        :
Lenox Place Condominium                 :
Association, Inc.                       :   Submitted:  May 7, 2024

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION
BY JUDGE CEISLER                                    FILED:  May 30, 2024

Marian F. DeSantis appeals from the May 9, 2023 Order of the Court of Common Pleas of Allegheny County (Trial Court), which vacated its prior September 22, 2021 Order and dismissed Ms. DeSantis's Third Amended Complaint with prejudice for failure to join indispensable parties.  Lenox Place Condominium Association, Inc. (Association) has also filed with this Court an Application to Quash and/or Dismiss Appeal and for Clarification (Application), specifically challenging the Trial Court's jurisdiction to enter the May 9, 2023 Order.

We conclude, and the parties agree, that the Trial Court lacked jurisdiction to enter the May 9, 2023 Order that is the subject of this appeal.  Therefore, we grant in part and deny in part the Association's Application, vacate the Trial Court's May 9, 2023 Order, and remand this matter to the Trial Court for further proceedings.

## Background

The underlying facts and procedural history of this matter are set forth in *DeSantis v. Lenox Place Condominium Association, Inc.* (Pa. Cmwlth., No. 67 C.D. 2022, filed May 5, 2023) (*DeSantis I*).  This appeal arises from an action for

injunctive relief filed by Ms. DeSantis, a unit owner in the Lenox Place condominium community, against the Association in the Trial Court.

Relevant to the instant appeal, in *DeSantis I*, this Court vacated the Trial Court's December 28, 2021 Order and remanded the matter to the Trial Court for entry of a new order clarifying its September 22, 2021 Order sustaining the Association's Preliminary Objections. *DeSantis I*, slip op. at 8. This Court further stated that the 30-day appeal period would run anew from the date of such clarifying order. *Id.* Critically, this Court did not remand the record to the Trial Court until July 12, 2023.

Following this Court's remand in *DeSantis I*, and before this Court's remittal of the record, the Trial Court issued a new order on May 9, 2023, vacating its September 22, 2021 Order and dismissing Ms. DeSantis's Third Amended Complaint with prejudice.

On May 18, 2023, Ms. DeSantis moved for reconsideration of the May 9, 2023 Order, and thereafter filed a notice of appeal with this Court on June 1, 2023. By Order dated May 25, 2023, the Trial Court scheduled argument on the reconsideration motion for June 21, 2023. On June 5, 2023, following argument, the Trial Court issued an Amended Order, granting the motion for reconsideration and again stating that argument would take place on June 21, 2023. By Order dated June 13, 2023, the Trial Court directed Ms. DeSantis to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal (1925(b) Statement) within 21 days[1] and subsequently issued an Opinion on July 27, 2023.[2]

---

[1] Ms. DeSantis timely filed her Pa.R.A.P. 1925(b) Statement on June 30, 2023.

[2] Notably, in its July 27, 2023 Opinion, the Trial Court did not address its purported lack of jurisdiction to act in the matter on May 9, 2023, or thereafter.

## Analysis

In its Application, the Association asks this Court to quash and/or dismiss Ms. DeSantis's appeal because the May 9, 2023 Order was prematurely entered only four days after this Court's remand in *DeSantis I*, and before this Court's remittal of the record and reinstatement of the Trial Court's jurisdiction to act in the matter following remand. The Association asserts that the appeal in *DeSantis I* was marked "decided/active" as of July 10, 2023, the date its Application in this matter was filed, and that the record had not yet been remitted as of that date, even though more than 60 days had passed since *DeSantis I* was issued. Appl. ¶ 23 n.2 & Ex. K. Further, this Court's Order in *DeSantis I* did not direct or authorize the Trial Court to act in the matter before remittal of the record. *Id.* ¶¶ 29-30. Thus, the Association contends that the May 9, 2023 Order is a legal nullity and, therefore, the appeal must be quashed and/or dismissed. *Id.* ¶¶ 24, 28, 31-32.[3]

The Association also seeks clarification of the Trial Court's jurisdiction moving forward in two respects: "(1) when jurisdiction will revest in the [T]rial [C]ourt if this [A]pplication is granted and the instant appeal is quashed and/or dismissed"; and "(2) when jurisdiction will revest in the [T]rial [C]ourt via remand/remittal or otherwise following this Court's May 5, 2023 decision" in *DeSantis I* "or whether jurisdiction has already revested in the [T]rial [C]ourt." Appl. ¶ 40.

In her Answer to the Application, Ms. DeSantis agrees that the Trial Court lacked jurisdiction to enter the May 9, 2023 Order, and further points out that this

---

[3] In the alternative, the Association asserts that even if the Trial Court had jurisdiction to enter the May 9, 2023 Order, Ms. DeSantis's June 1, 2023 appeal was rendered inoperative by the Trial Court's subsequent June 5, 2023 Order expressly granting reconsideration and should be quashed and/or dismissed on that basis. Appl. ¶¶ 20, 33-36.

same procedural error was recently addressed by the Pennsylvania Superior Court in *Commonwealth v. Harris*, 230 A.3d 1124 (Pa. Super. 2020), and *Commonwealth v. Perry* (Pa. Super., No. 1069 EDA 2021, filed April 18, 2022).[4]  Answer to Appl. ¶¶ 1-3.  She asserts that in both cases, the Superior Court quashed appeals of trial court orders entered prior to the remand of the records by the appellate court prothonotary, vacated the orders, and remanded with instructions that the trial courts act in accordance with the Superior Court's decisions only after they were revested with jurisdiction following the remand.  *Id.* ¶ 4.  Consequently, Ms. DeSantis asks this Court to follow the same procedure as in *Harris* and *Perry* by vacating the May 9, 2023 Order and remanding to the Trial Court to take action in accordance with *DeSantis I* after it is revested with jurisdiction, rather than quashing and/or dismissing her appeal.  *Id.* ¶ 5.

Pennsylvania Rule of Appellate Procedure (Rule) 1701 governs the jurisdiction of a trial court after an appeal has been filed.  Rule 1701(a) provides that "[e]xcept as otherwise prescribed by these rules, *after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter*."  Pa.R.A.P. 1701(a) (emphasis added).  Following an appeal, a trial court may, among other things, "[t]ake any action directed or authorized by an appellate court."  Pa.R.A.P. 1701(b)(5).

A decision and order of this Court remanding a matter to a trial court with instructions, as in *DeSantis I*,

> does ***not*** automatically and immediately revest [the] trial court with jurisdiction, notwithstanding th[e appellate c]ourt's use of the phrase

---

[4] While Superior Court decisions are not binding on this Court, they may provide persuasive authority where, as here, they address analogous legal issues.  *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

"jurisdiction relinquished" in the decision. Procedurally, our decisions are not necessarily the final word on appeal. Thus, our phraseology is actually shorthand for, "jurisdiction relinquished, if and when remand becomes appropriate by an operation of law."

*Harris*, 230 A.3d at 1127 (emphasis in original).

Regarding the timing of a remand of the record to the trial court, Rule 2572(a) provides that, absent any application or stay affecting the appellate court's order, "the record shall be remanded after the entry of the judgment or other final order of the appellate court possessed of the record." Pa.R.A.P. 2572(a). Rule 2572(a)(2) also provides that "[t]he record shall be remanded to the court . . . from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record." Pa.R.A.P. 2572(a)(2). Finally, Rule 2572(e) provides that "[t]he prothonotary of the appellate court shall note on the docket the date on which the record is remanded and give written notice to all parties of the date of remand." Pa.R.A.P. 2572(e).

With regard to Rule 2572, the Superior Court has explained:

"The plain language of Rule 2572(a)[] . . . *does nothing more than set a minimum as to when the record may be remanded*. . . . The comment to Rule 2572(a) reveals that the purpose of the rule is judicial efficiency. . . . Accordingly, Rule 2572(a)[] merely [e]nsures that the [appellate c]ourt [p]rothonotary does not unnecessarily remand a record to the trial court when the losing party appeals the decision to the Supreme Court. The rule was not enacted to force the [p]rothonotary of the [appellate c]ourt to remand the record on the thirty-first day."

*Com. v. Salley*, 957 A.2d 320, 323 (Pa. Super. 2008) (citation omitted) (emphasis added).

Upon remand of the record, Rule 2591(a) provides that the trial court "shall proceed in accordance with the judgment or other order of the appellate court and, except as otherwise provided in such order, Rule 1701(a) (effect of appeals

5

generally) shall no longer be applicable to the matter." Pa.R.A.P. 2591(a). Our courts have interpreted this rule as authorizing a trial court to proceed with the appellate court's directives *only after remand of the record*. *See Salley*, 957 A.2d at 323; *accord In re Tax Sale Pursuant to Real Estate Tax Sale of 1947* (Pa. Cmwlth., No. 670 C.D. 2011, filed Dec. 4, 2012), slip op. at 5 ("Rule 2591, then, only authorizes a trial court to proceed with the directives of the appellate court *after remand of the record*.") (emphasis in original).[5] Furthermore, in *Harris*, the Superior Court held:

> [U]nder . . . Rules 1701 and 2572, *a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed*. Otherwise, . . . the trial court risks following an appellate decision that may not ultimately be the final law of the case.

230 A.3d at 1127 (emphasis added).

Applying our Rules of Appellate Procedure and the case law interpreting them to the facts of this case, we conclude that the Trial Court lacked jurisdiction to enter its May 9, 2023 Order. Although a panel of this Court, in *DeSantis I*, vacated the Trial Court's December 28, 2021 Order and remanded the matter for further consideration and a new order clarifying its September 22, 2021 Order on May 5, 2023, this Court did not remand the record to the trial court *until July 12, 2023*. Yet, on May 9, 2023, 64 days *before* this Court had remanded the record, the Trial Court vacated its September 22, 2021 Order and dismissed the Third Amended Complaint in its entirety. However, at the time the Trial Court acted, both parties still had the right to seek reargument/reconsideration of this Court's decision in *DeSantis I* and/or

---

[5] We may cite unreported decisions of this Court issued after January 15, 2008, for their persuasive value. *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

review by the Pennsylvania Supreme Court. *See Harris*, 230 A.3d at 1127. Stated simply, "the trial court's original jurisdiction had ***not*** revested by" May 9, 2023. *Id.* (emphasis in original). Notwithstanding that fact, the Trial Court proceeded to enter three additional orders on May 25, June 5, and June 13, 2023, and even held argument on Ms. DeSantis's reconsideration motion on June 21, 2023, all *before* this Court's remittance of the record in *DeSantis I*.

## Conclusion

Because the Trial Court improperly acted on May 9, 2023, before this Court had remanded the record following its decision in *DeSantis I*, we conclude that the Trial Court lacked jurisdiction to enter the May 9, 2023 Order.[6] Consequently, the Trial Court's May 9, 2023 Order is a legal nullity and, therefore, void. *See Com. v. Hall*, 140 A. 626, 631 (Pa. 1928); *Murphy v. Dep't of Transp.*, 733 A.2d 688, 690 n.3 (Pa. Cmwlth. 1999).

Accordingly, we grant in part and deny in part the Association's Application, vacate the Trial Court's May 9, 2023 Order, and remand this matter to the Trial Court for further proceedings consistent with our prior decision in *DeSantis I*. The Trial Court shall not issue a new order in accordance with *DeSantis I* until *after* the original record from the instant matter returns to it and this Order becomes final.

ELLEN CEISLER, Judge

---

[6] It necessarily follows that the Trial Court also lacked jurisdiction to issue its three subsequent orders on May 25, June 5, and June 13, 2023. While those orders are not presently before this Court, they are also legal nullities in light of our conclusion that the Trial Court lacked jurisdiction to enter the May 9, 2023 Order.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marian F. DeSantis,           :
            Appellant     :
                          :
     v.                 :  No. 570 C.D. 2023
                          :
Lenox Place Condominium   :
Association, Inc.          :

# **O R D E R**

AND NOW, this 30th day of May, 2024, we hereby GRANT IN PART Lenox Place Condominium Association, Inc.'s Application to Quash and/or Dismiss Appeal and for Clarification (Application) to the extent it seeks vacation of the May 9, 2023 Order of the Court of Common Pleas of Allegheny County (Trial Court) and clarification of the Trial Court's jurisdiction, and DENY IN PART the Application to the extent it seeks to quash and/or dismiss the appeal.

The Trial Court's May 9, 2023 Order is hereby VACATED, and this matter is hereby REMANDED to the Trial Court consistent with this Court's prior decision in *DeSantis v. Lenox Place Condominium Association, Inc.* (Pa. Cmwlth., No. 67 C.D. 2022, filed May 5, 2023) (*DeSantis I*). The Trial Court shall not issue a new order in accordance with *DeSantis I* until after the original record from the instant matter returns to it and this Order becomes final.

We further DIRECT that in addition to mailing copies of this Opinion and Order to the parties' counsel of record, the Prothonotary shall mail a copy thereof to the Honorable Paul F. Lutty, Jr., in the Trial Court.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge