J-S33027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS ALBERTO FUNES COREAS | : | |
| | : | |
| Appellant | : | No. 268 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005045-2020

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED: SEPTEMBER 13, 2024**

Carlos Alberto Funes Coreas has appealed from his judgment of sentence, following this Court's remand for the trial court to apply the correct standard to assess Funes Coreas' claim that the verdict was against the weight of the evidence.  Funes Coreas argues for the first time on appeal that the trial court lacked jurisdiction to rule on his post-sentence motion before this Court returned the record to the trial court.  We agree.  "[A] trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed."  ***Commonwealth v. Harris***, 230 A.3d 1124, 1127 (Pa. Super. 2020).  Our directive, filed December 21, 2023, was not received in the trial court until February 2, 2024.  The trial court's order entered January 22, 2024, is therefore "a legal nullity."  ***See id.***[1]

---

[1] We reject the Commonwealth's request to overlook the jurisdictional defect and give retroactive force to a null order.

We are constrained to vacate the trial court's order. Given the procedural posture of this case, we retain jurisdiction but remand for the trial court to enter a new order on Funes Coreas' weight claim *after* the York County Clerk of Courts receives this Judgment Order. If the trial court's order is substantively identical to its order entered January 22, 2024, no further opinion or briefing shall be required. Following the entry of a new order by the trial court, the case shall return to this panel.

Order vacated. Case remanded for further proceedings consistent with this judgment order. Jurisdiction retained.