**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID FRANCIS CONSTANTINI | : | |
| | : | |
| Appellant | : | No. 2616 EDA 2023 |

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000744-2011

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:            **FILED NOVEMBER 18, 2024**

David Francis Constantini ("Constantini") appeals *pro se* from the order dismissing his fifth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We quash.

Based on our disposition, a detailed recitation of this matter is unnecessary. Briefly, in 2012, a jury convicted Constantini of retail theft and receiving stolen property. The trial court imposed an aggregate sentence of two to four years' incarceration, to be followed by three years' probation. While serving the probationary term of this sentence, Constantini pleaded guilty to new drug-related crimes. As a result, the trial court revoked his probation and on October 10, 2018, imposed a new sentence of two to four

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

years' incarceration.[2] Constantini thereafter filed a direct appeal challenging the discretionary aspects of his sentence. On May 7, 2019, this Court affirmed the judgment of sentence. *See Commonwealth v. Constantini*, 217 A.3d 377 (Pa. Super 2019) (unpublished memorandum). Constantini did not file a petition for allowance of appeal with our Supreme Court.

On June 22, 2023, after three unsuccessful PCRA petitions, Constantini filed his fourth *pro se* PCRA petition, alleging that his revocation sentence was excessive and unjust. On August 4, 2023, while the petition was pending, Constantini filed the instant *pro se* PCRA petition, his fifth, claiming that the government interfered in his case since "the [c]ourts and the district attorney['s] office has intentionally caused a miscarriage of justice, by abusing authority and numerous acts of misconduct." Constantini's PCRA Petition, 8/4/23, at 3. The PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Constantini's **fourth** petition, and on August 8, 2023, dismissed it without a hearing.[3] On August 17, 2023, Constantini timely filed a *pro se*

_____

[2] To be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). This panel directed the PCRA court to clarify whether Constantini is still currently serving his sentence. The PCRA court responded that Constantini was on parole in 2020, but because he violated it, the parole board recomputed his maximum sentence date to be October 22, 2025. *See* PCRA Court Response to Rule to Show Cause, 10/22/24. Therefore, Constantini is still serving the underlying sentence.

[3] On the same day that the PCRA court dismissed his fourth petition, Constantini filed a *pro se* motion to produce transcripts in relation to this petition. The PCRA court denied this motion, and on October 23, 2023,
*(Footnote Continued Next Page)*

notice of appeal from that order. We note that on July 16, 2024, this Court dismissed the appeal, docketed at 2236 EDA 2023, because Constantini failed to file a brief.

Meanwhile, on September 22, 2023, the PCRA court dismissed Constantini's instant **fifth** petition. We note that in its Rule 907 notice, the court initially opined that the petition should be dismissed as untimely filed. However, in its Pa.R.A.P. 1925(a) opinion, the court instead suggested that this Court should quash the appeal for lack of jurisdiction. **See** PCRA Court Opinion, 11/21/23, at 3. On October 5, 2023, Constantini filed the instant *pro se* notice of appeal. Both Constantini and the PCRA court complied with Rule 1925.

Before we address the merits of Constantini's issues, we must consider whether the PCRA court had jurisdiction to enter the underlying order, which we may raise *sua sponte*. **See Commonwealth v. Arcelay**, 190 A.3d 609, 614 (Pa. Super. 2018). Our standard of review is *de novo*, and our scope or review is plenary. **See id**.

"Any act taken by a court without proper jurisdiction is null and void." **Commonwealth v. Harris**, 230 A.3d 1124, 1127 (Pa. Super. 2020) (citation and quotation marks omitted). This Court has held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the

---

Constantini filed a notice of appeal. On February 20, 2024, this Court dismissed the appeal, docketed at 2728 EDA 2023, because Constantini failed to file a brief.

same judgment of sentence at the same time[,] ***unless*** the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (footnote omitted and emphasis added).

This Court has further explained:

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. ***Commonwealth v. Lark***, [746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by* ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)]. ***See also*** [***Montgomery***, 181 A.3d at 364] (reaffirming that ***Lark*** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending).

***Commonwealth v. Beatty***, 207 A.3d 957, 961 (Pa. Super. 2019); ***see also Commonwealth v. Thompson***, 292 A.3d 1082 (Pa. Super. 2023) (unpublished memorandum at *5) (applying ***Montgomery*** and ***Beatty*** to conclude that the PCRA court lacked jurisdiction to rule on appellant's second PCRA petition, when the appellant had appealed from the dismissal of his first PCRA petition, even though the second petition was filed prior to the appeal).[4]

In the instant matter, the PCRA court initially dismissed Constantini's fifth petition as untimely filed without meeting any of the PCRA's timeliness exceptions. However, in its Rule 1925(a) opinion, the court concluded that it lacked jurisdiction to consider Constantini's fifth PCRA petition, because the

---

[4] An unpublished non-precedential memorandum decision of the Pennsylvania Superior Court, filed after May 1, 2019, may be cited for its persuasive value. ***See*** Pa.R.A.P. 126(b)(1)-(2).

appeal from his fourth PCRA petition was pending at the time of its review. *See* PCRA Court Opinion, 11/21/23, at 3. Thus, the PCRA court suggested that this Court should quash the appeal. *See id*.

We similarly conclude that the PCRA court lacked jurisdiction to consider Constantini's fifth PCRA petition, even though it was filed before he appealed from the dismissal of his fourth PCRA petition. *See Montgomery*, 181 A.3d at 364-65; *see also Beatty*, 207 A.3d at 961; *Thompson*, 292 A.3d at 1082 (unpublished memorandum at *5). However, we determine that because the PCRA court lacked jurisdiction to dismiss Constantini's fifth petition, that order is a legal nullity. *See Harris*, 230 A.3d at 1127. Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024