J-A24037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANNON C. BOWMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON S. BOWMAN | : | No. 118 MDA 2025 |

Appeal from the Order Entered December 23, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2016-00825

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:　　　　　　**FILED: DECEMBER 3, 2025**

Shannon C. Bowman (Mother) appeals from the order, entered by the Cumberland County Court of Common Pleas, which purportedly found her in contempt of a previous court order regarding obtaining a passport for I.W.B. (the Child), the now eleven-year-old son she shares with Jon S. Bowman (Father).  After careful review, we reverse.

As this Court has previously explained multiple times, "[t]his matter has a lengthy and tortuous procedural history."  **S.C.B. v. J.S.B.**, 218 A.3d 905, 908 (Pa. Super. 2019).

> Briefly, we note the parties were married in October of 2013, but separated shortly after the birth of [the] Child the following year.  Mother initially filed a complaint for custody on February 11, 2016.  Since that time, the trial court has conducted [multiple] custody trials and resolved numerous emergency and contempt petitions filed by both parties. [. . .] To describe this matter as contentious is an understatement.  Indeed, [a previous] order includes a

> schedule for [the] Child's haircuts because the parties cannot, or will not, agree on how [the] Child should style his hair.

***Bowman v. Bowman***, 289 A.3d 92 (Table), 2022 WL 17258587, at \*\*1 (Pa. Super. 2022) (non-precedential decision) (footnote and internal citations omitted).

A detailed recitation of the procedural history in this case, which we discern from the trial court's Appellate Rule 1925(a) opinion and the certified record, is necessary to understand our disposition.

The events leading to the instant appeal arose out of a dispute between Father and Mother related to obtaining a United States passport for the Child. ***See*** Trial Court Opinion (T.C.O.), 4/16/25, at 1-2. Father wanted to get the Child a passport, but Mother opposed it. ***Id.*** On January 10, 2024, after a prior hearing, the trial court entered an order allowing the Child to procure a passport and passport card. ***See*** Order of Court, 1/10/24, at 1.[1] The order stated that Father would apply for the passport, and Mother was to complete any required steps within thirty days, including executing the DS-3053

---

[1] We note for clarification that many of the relevant orders in this case were entered on the docket on a certain date, but Pennsylvania Rule of Civil Procedure 236 notice was provided on a different date. Pursuant to our Appellate Rules, the dates of entry of those orders are the dates on which Rule 236 notice was provided. ***See*** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."). Thus, although the trial court generally refers to these orders by the dates they were entered on the docket, we refer to all orders by the dates on which Rule 236 notice was given.

Statement of Consent Form and providing the Child's original birth certificate. **See id.** On January 30, 2024, Mother filed a motion for reconsideration with the trial court, which it denied.

On February 8, 2024, Mother timely filed an appeal from the January 10 order, which was docketed with this Court at 198 MDA 2024. On February 12, 2024, Mother filed a request with this Court to stay the proceedings.

On February 14, 2024, Father filed a petition with the trial court alleging that Mother was in contempt of court for not complying with the January 10 order. The trial court took no immediate action on Father's petition. **See** T.C.O. at 2 (The trial court did not act on Father's petition "because Mother's appeal was pending.").

On February 16, 2024, before this Court had ruled on Mother's request for a stay, she filed another request for a stay with the trial court. On February 26, 2024, the trial court issued a rule to show cause order on Father regarding Mother's request. **See** Trial Court Order, 2/26/24. Although Father answered the rule to show cause order, the trial court took no further action on Mother's request for a stay. **See** Trial Court Order, 12/23/24 (noting that the trial court did not act upon Mother's request for a stay). On March 15, 2024, this Court denied Mother's request for a stay without prejudice for her to first seek such relief in the trial court. **See** Order, 3/15/24 (citing Pa.R.A.P. 1732).

On October 1, 2024, this Court filed our memorandum decision in Mother's appeal of the January 10 order. **See Bowman v. Bowman**, 329 A.3d 595 (Table), 2024 WL 4364540 (Pa. Super. 2024) (non-precedential

decision). We affirmed the trial court's order allowing the Child to obtain a passport and requiring Mother's cooperation in that process. *See id.*

On October 3, 2024, the trial court entered an order related to Father's contempt petition, almost eight months after it was filed. *See* T.C.O. at 2. The order began, "AND NOW . . . upon consideration of the Superior Court Order and Opinion dated October 1, 2024 affirming [the trial court's] Order dated January 9, 2024 [it is] hereby ORDERED as follows . . . ." Trial Court Order, 10/3/24. The order held Father's February contempt petition in abeyance and ordered Mother to comply with the January 10 order related to obtaining a passport for the Child within ten days. *Id.* If Mother complied, then the contempt petition would be rendered moot. *Id.* If Mother failed to comply, the court would hear testimony and argument on the contempt petition at a hearing on December 19, 2024. *See id.*

On October 28, 2024, Father filed a petition for special relief requesting that the trial court grant him sole legal custody to obtain the Child's passport. T.C.O. at 2-3. The court granted Father's petition on October 29 and awarded him "sole legal custody for the specific purpose of obtaining [the] Child's passport."[2] Trial Court Order, 10/29/24, at 1. The court further noted that

_____

[2] Interestingly, in her motion for reconsideration of the January 10 order, Mother suggested that the trial court grant Father sole legal custody to obtain a passport book, so that she would not have to sign the consent form. *See* Plaintiff's Motion for Reconsideration, 1/30/24, at 10, 15-16 (unnumbered). She provided this as an alternative remedy, if the court granted Father's request for the passport, despite her opposition.

"[t]he proceedings in this matter have not been stayed pursuant to Pa.R.A.P. 1702(b)." *Id.* at 1 n.2; *see* T.C.O. at 3 (stating that the trial court "granted Father's request because Mother had not sought to stay the October [3], 2024 Order in order to seek allocatur to the Supreme Court" (footnote omitted)). On November 1, 2024, Mother filed a motion for reconsideration, which the trial court denied.

On November 12, 2024, this Court remitted the certified record from Mother's appeal of the January 10 order to the trial court. *See* Certificate of Remittal/Remand of Record (noting that the record/remittal date was 11/12/2024).

On November 21, 2024, Mother filed a notice of appeal from the October 29 order, which was docketed with this Court at 1708 MDA 2024.

On December 19, 2024, the trial court held a hearing on Father's February contempt petition. *See* T.C.O. at 3. On December 23, 2024, the court entered the order on appeal here, finding that Mother had never complied with the January 10 order. Trial Court Order, 12/23/24. The court ordered Mother to pay Father's attorneys' fees and half of the passport fee. *See id.* On January 21, 2025, Mother filed the instant appeal.

Due to the overlapping hearings and appeals on the passport issue, on January 24, 2025, this Court vacated the trial court's October 29 order that granted Father sole legal custody for the passport as a nullity because the trial court entered it before the record in Mother's appeal was remitted. *See* Order,

1/24/25. Thus, the trial court lacked jurisdiction to enter the order, and this Court quashed Mother's appeal. *See id.*

As noted, Mother timely appealed the December 2024 order finding her in contempt. She presents the following three issues for our review:

1. Should the December 23, 2024 Order be vacated as a nullity?

2. Did the October 29, 2024 Order render the contempt petition moot and therefore the December 23, 2024 order should be vacated?

3. Did the trial court exercise judgment as a product of partiality and/or bias and err as matters of law and/or abuse its discretion on several issues during the proceedings by adjudging Mother in contempt and in the sanctioning of contempt?

Mother's Brief at 6 (suggested answers omitted) (cleaned up).

We begin by addressing the trial court's jurisdiction in the instant appeal, which Mother raises in her first appellate issue.[3] *See B.L. v. T.B.*, 152 A.3d 1014, 1016 (Pa. Super. 2016) (explaining that "[t]he question of

---

[3] Father claims that Mother waived any argument regarding the validity of the December 23 order, because she did not raise that issue in her Appellate Rule 1925(b) statement. *See* Father's Brief at 16-17. However, because this issue goes to the trial court's subject matter jurisdiction, it cannot be waived. *See, e.g., Commonwealth v. Harris*, 230 A.3d 1124, 1126 (Pa. Super. 2020) ("The Supreme Court of Pennsylvania has long held that 'lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion.'" (citation and emphasis omitted)); *R.M. v. J.S.*, 20 A.3d 496, 504 n.6 (Pa. Super. 2011) ("[T]his issue presents a question of the trial court's subject matter jurisdiction and thus cannot be waived." (citation omitted)); *Boback v. Pershing*, 311 A.3d 1126, 1129 (Pa. Super. 2024) ("[I]t is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." (citation omitted)).

subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." (citation omitted)). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Commonwealth v. Harris**, 230 A.3d 1124, 1126 (Pa. Super. 2020) (citation omitted); **see also B.L.**, 152 A.3d at 1016 (citation and footnote omitted).

Rule of Appellate Procedure 1701 provides, in relevant part, "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a). However, Rule 1701 also provides a list of things a trial court can do while a case is on appeal, including, but not limited to, taking such action as may be necessary to preserve the *status quo*, granting *supersedeas*, or granting reconsideration. Pa.R.A.P. 1701(b)(1), (3). Significantly, a trial court can also "[e]nforce any order entered in the matter, unless the effect of the order has been superseded . . . ." Pa.R.A.P. 1701(b)(2).

Additionally, regarding remanding the record, Rule of Appellate Procedure 2572 provides the general rule that "the record shall be remanded after the entry of the judgment or other final order of the appellate court possessed of the record." Pa.R.A.P. 2572(a). For intermediate appellate court orders, the "record shall be remanded to the court . . . from which it was certified at the expiration of 30 days after the entry of the judgment or other final order of the appellate court possessed of the record." Pa.R.A.P. 2572(a)(2). However, if there are any pending post-decision applications,

then "[r]emand is stayed until disposition of: (1) an application for reargument; (2) any other application affecting the order; or (3) a petition for allowance of appeal from the order." Pa.R.A.P. 2572(b). "The court possessed of the record shall remand 30 days after either the entry of a final order or the disposition of all post-decision applications, whichever is later." *Id.*

As explained above, Mother timely filed an appeal from the January 10 order on February 8, 2024. Thus, although the trial court was divested of jurisdiction to proceed further in the matter, it could still enforce its order, unless the order had been superseded. *See* Pa.R.A.P. 1701(b)(2). Mother initially filed for a stay of the proceedings with this Court, which was denied without prejudice for her to first seek such relief in the trial court, pursuant to Appellate Rule 1732. *See* Pa.R.A.P. 1732. Mother had already filed for a stay with the trial court before this Court denied her request for a stay. However, the trial court never explicitly granted or denied the stay.

Nonetheless, Mother never filed another application for a stay with this Court, even after the trial court did not act on her request. *See* Pa.R.A.P. 1732(b) ("An application for stay of an order of a trial court pending appeal . . . may be made to the appellate court . . . but the application shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the trial court for its action."). Thus, pursuant to Rule 1701, because the order was not superseded and the court did not stay the proceedings, the trial court maintained the

power to enforce its January 10 order, even though it was on appeal. ***See*** Pa.R.A.P. 1701(b)(2).

However, the trial court chose not to enforce its order until October 2024, almost eight months after Father had filed his February contempt petition, seeking enforcement of the order. Therefore, although the trial court did not explicitly grant Mother's request for a stay regarding the January 10 order, it implicitly did so by refusing to hold a hearing or rule on Father's contempt petition. Indeed, the court made clear in its opinion that it chose not to act on Father's contempt petition because Mother's appeal was pending. ***See*** T.C.O. at 2 (The trial court did not act on the petition for contempt "because Mother's appeal was pending.") The court "agreed that Mother was not in contempt while her appeal to the Superior Court was pending." ***Id.*** at 3 (footnote omitted). Further, in his brief, Father concedes that his contempt petition "was held in abeyance due to Mother's pending appeal." ***See*** Father's Brief at 19; ***id.*** at 8. Therefore, the trial court removed Mother's obligation under the January 10 order while her appeal was pending.

After receiving the Superior Court's Opinion filed on October 1, 2024, the trial court "entered an Order holding Father's contempt petition in abeyance and giving Mother 10 days to comply" with the January 10, 2024 Order. T.C.O. at 2 (footnote omitted).

Critically, although this Court filed its memorandum decision on October 1, Mother's appeal was still pending because this Court had not yet remitted

the certified record to the trial court. ***See Harris***, 230 A.3d at 1127. As we explained:

> A Superior Court decision and order of remand with instructions [. . .] does ***not*** automatically and immediately revest a trial court with jurisdiction, notwithstanding this Court's use of the phrase "jurisdiction relinquished" in the decision. Procedurally, our decisions are not necessarily the final word on appeal. Thus, our phraseology is actually shorthand for, "jurisdiction relinquished, if and when remand becomes appropriate by an operation of law."

***Id.*** (emphasis in original). Notably, a trial court may not proceed until the record is remitted. ***See id.*** ("[A] trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed. Otherwise, . . . the trial court risks following an appellate decision that may not ultimately be the final law of the case.").

Here, this Court remitted the certified record to the trial court on November 12. ***See*** Certificate of Remittal/Remand of Record (noting that the record/remittal date was 11/12/2024); Father's Brief at 19 (stating that "the [t]rial [c]ourt was revested with jurisdiction over the case on November 12, 2024."). Thus, the trial court's decision to not hold Mother in contempt while her appeal was pending extended to November 12 (when this Court remitted the certified record to the trial court), not October 1 (when this Court filed its memorandum decision). ***See Harris, supra***.

Although the trial court intended to not hold Mother in contempt until her appeal was remanded, its comments at the contempt hearing indicate that it misunderstood when the remand occurred, and, thus, when it was revested

with jurisdiction. The court noted that Mother could appeal the January 10 order "as of right, which she did, which is fine. **When the appeal came back, I issued an order, the October [3], 2024, order**, saying that Mother shall comply with the January [10], 2024, order within 10 days and if so then the contempt petition will be rendered moot." N.T., 12/19/24, at 3-4 (emphasis added).

Again, the appeal was not remanded to the trial court simply because this Court filed our memorandum decision on October 1, 2024. Instead, the appeal was not remanded until the record was remitted to the trial court on November 12. *See Harris, supra*; Pa.R.A.P. 2572. Given the court's clearly stated intent not to act on Father's contempt petition until Mother's appeal was fully litigated, the court should not have acted until after November 12.

Conceivably then, the court's October 3 order, which held Father's contempt petition in abeyance and gave Mother ten days to comply with the January 10 order, could be considered a nullity, like its October 29 order, because the court did not have the record back when it entered the order. *See Harris*, 230 A.3d at 1127 (noting that the trial court's original jurisdiction had **not** revested when the court entered a subsequent order and therefore the subsequent order was a legal nullity (footnote omitted)); *Mahalik v. Mahalik*, 2025 WL 2048771 (Table), *4 (Pa. Super. 2025) (non-precedential decision) ("Here, jurisdiction had not revested with the trial court when it issued the custody order [], because this Court did not remand the record

- 11 -

until [a later date]. . . . Therefore, the trial court's [order before remand was effective] is a nullity." (footnote and citations omitted)).

However, even if the October 3 order was not a nullity, the trial court did not hold a hearing on Father's contempt petition or find Mother in contempt until December. By that time, the court had already entered a new order (the October 29 order) granting Father sole legal custody to obtain the Child's passport. At that point, there was nothing Mother could do to comply with the January 10 order, because her cooperation was no longer required to obtain the passport. Indeed, according to the parties and the certified record, by December, Father had either already started the process of obtaining the passport or had obtained the passport. *See* Mother's Brief at 8 (stating that Father "did immediately act on the October [29], 2024 Order"); Mother's Brief at 19 (stating twice that Father immediately used the October [29] order to obtain the Child's passport); Father's Brief at 11 (With consent from the trial court contained in the October 29, 2024 Order, "Father procured a passport for the Child."); Father's Brief at 14 (noting that "Father obtained the passport over Mother's objection"); Father's Brief at 15 (stating that "the [C]hild's passport has been in the possession of the Cumberland County Prothonotary since March 5, 2025"); Trial Court Order, 3/7/25 (dated 3/5/25) (ordering Father to turn over the Child's passport to the Prothonotary's Office within two business days); Trial Court Order, 3/7/25 (dated 3/6/25) (confirming that Father surrendered the Child's passport to the Prothonotary's Office); N.T. at 18 (Mother's counsel stating at the December 2024 hearing, "And, Judge, just

- 12 -

for the record so it's clear, the [C]hild does have a passport right now.  So he's already procured a passport just so -- just so the record is clear."); N.T. at 19 (Mother's counsel stating, "And also for the record so it's clear, I believe the [C]hild got a passport October 29th[,]" and Father's counsel responding, "I don't have an answer to that.  I don't think it matters but --"); N.T. at 30 (Mother's counsel noting "there's an inability for her to comply -- because the [C]hild already has a passport").

Thus, the trial court rendered Father's contempt petition moot by entering its October 29 order, giving Father sole legal custody to obtain the passport without Mother's involvement, which Father did.[4]  ***See Interest of J.L.***, 216 A.3d 233, 237 (Pa. Super. 2019) ("As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." (citation omitted)); ***id.*** ("The concept of mootness focuses on a change that has occurred during the length of the legal proceedings . . . . If an event occurs that renders impossible the grant of the requested relief, the issue is moot . . . ." (citations omitted)).

In sum, the trial court could have chosen to enforce its order and hold Mother in contempt for failing to comply with it, even while her appeal was pending.  Nevertheless, the court chose not to hold her in contempt, and

---

[4] As we have acknowledged, this Court later vacated the October 29 order as a legal nullity.  However, this does not impact our analysis because the October 29 order was still in effect when the trial court held Mother in contempt in December 2024.

agreed that she was not in contempt, during the pendency of her appeal, which lasted until November 12. Therefore, in December, it could not find that Mother had been in contempt while her appeal was pending.[5]

Further, even after Mother's appeal was complete, on November 12, Mother could no longer be held in contempt, indeed she was not in contempt,

---

[5] For example, one of the requirements to sustain a finding of civil contempt is that "the contemnor acted with wrongful intent." **See Harcar v. Harcar**, 982 A.2d 1230, 1235 (Pa. Super. 2009) (citation omitted). As noted, the trial court "agreed that Mother was not in contempt while her appeal to the Superior Court was pending." T.C.O. at 3 (footnote omitted). Given that concession, we fail to see how the court could then find that Mother acted with wrongful intent by not following the January 10 order at any time before the record was remitted on November 12, because, before that date, Mother's appeal was still pending. Also, although the trial court specifically found in its opinion that Mother acted volitionally, it did not explicitly find that she acted with wrongful intent. **See id.** at 6-7. For the same reasons, we fail to see how the court could find that Mother "willfully" failed to comply with the January 10 order, while her appeal was pending. **See** 23 Pa.C.S.A. § 5323(g)(1) ("A party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt.")

Similarly, "[s]anctions for civil contempt can be imposed for one or both of two purposes: to compel or coerce obedience to a court order and/or to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance with a court order." **Rhoades v. Pryce**, 874 A.2d 148, 152 (Pa. Super. 2005) (*en banc*) (citations omitted). However, by December 23, 2024, there was no way for the trial court to compel or coerce Mother's obedience to the January 10 order because her consent for the passport was no longer required. Father had either already obtained the passport or was in the process of doing so. Further, it would have been inappropriate for the court to compensate Father for injuries resulting from Mother's noncompliance with the January 10 order, because the court stated that Mother was not in contempt while her appeal was pending, and the court removed Mother's obligation during that same time by entering the October 29 order. **See** T.C.O. at 3 (noting that the trial court "agreed that Mother was not in contempt while her appeal to the Superior Court was pending" (footnote omitted)).

because the court had given Father the ability to obtain the passport without Mother's consent. We note that we do not condone Mother's behavior. Because she was not explicitly granted a stay of the proceedings by the trial court regarding the January 10 order, she was required to comply with it, regardless of her pending appeal. However, given the unique factual and procedural history of this case, we find that the court erred by proceeding further in this matter without jurisdiction and holding Mother in contempt after it had already mooted Father's contempt petition.[6]

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/03/2025

---

[6] We caution the trial court that in the future, it should explicitly grant or deny a request for a stay of the proceedings and, preferably, state its reasons for its decision. Had it done so, much of the procedural confusion in this case could have been avoided.

Given our disposition, we need not address Mother's other appellate issues.

- 15 -