J-S10027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ROBERTS | : | |
| | : | |
| Appellant | : | No. 806 MDA 2025 |
| | : | |

Appeal from the PCRA Order Entered June 2, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004840-2018

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.: **FILED: JUNE 16, 2026**

Christopher Roberts ("Roberts") appeals from the order entered by the Dauphin County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because we agree with the PCRA court that Roberts' petition was untimely, we affirm.

This Court previously recounted the relevant facts of this case as follows:

> Following allegations that, in August 2018, Roberts took his boyfriend's dog and then cut and stabbed it to death, the Commonwealth charged Roberts with burglary, theft by unlawful taking, and aggravated cruelty to animals. In December 2018, Roberts pleaded guilty to all three offenses. The trial court sentenced Roberts to, inter alia, eleven-and-a-half to twenty-three months of incarceration for the burglary, and five years of consecutive probation for the aggravated cruelty to animals

---

[1] 42 Pa.C.S. §§ 9541-9546.

conviction. Roberts' sentence also included, among other things, the following conditions: he was prohibited from residing "in any home that has [an] animal"; and he was required to continue with mental health treatment and medication.

*Commonwealth v. Roberts*, 304 A.3d 753, *1 (Pa. Super. Aug. 15, 2023) (non-precedential decision) (cleaned up). Thereafter, Roberts was found in violation of his probation on two separate occasions—once in July 2020 and then again in July 2022. Of relevance here, on August 22, 2022, following a hearing on Roberts' conduct, the court revoked his probation and resentenced him to two and a half to seven years of incarceration.

Roberts timely appealed to this Court from his judgment of sentence following the 2022 revocation of his probation ("VOP appeal"). *Id.* Attorney Spencer H.C. Bradley of the Dauphin County Public Defender's Office entered his appearance on September 20, 2022. On August 15, 2023, this Court permitted Attorney Bradley to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), and affirmed Roberts' judgment of sentence. *Id.*

While his appeal was pending, and prior to this Court's grant of Attorney Bradley's motion to withdraw, Roberts filed two pro se PCRA petitions, which the PCRA court docketed on February 13 and 15, 2023. In response to the first, the PCRA court entered an order notifying Roberts that it would not entertain the petition because his appeal was still pending before this Court. According to handwritten notes on the order, the court sent the order to

Roberts and Attorney Bradley. At no time did the PCRA court acknowledge the second petition or forward it to Attorney Bradley pursuant to Rule 576.[2]

On September 7, 2023, after this Court granted Attorney Bradley's petition to withdraw[3] but before our appellate jurisdiction expired, Roberts filed another pro se PCRA petition. In this petition, he claimed that he was eligible for relief under each of the possible grounds available under section 9543(a)(i)-(vi) of the PCRA. PCRA Petition, 9/7/2023, ¶ 2. All of the claims raised therein pertained to his original judgment of sentence. *See id.*, ¶ 5(a).

On October 13, 2023, the PCRA court appointed Attorney Michael Palermo to represent Roberts in connection with his PCRA matter and ordered him to file a supplemental counseled petition within thirty days. Thereafter,

---

[2] Rule 576 provides, in relevant part:

> In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(a)(4).

[3] Thus, Roberts' September 7, 2023 petition was truly filed pro se without violating the rule against hybrid representation. *See Commonwealth v. Alberta*, 974 A.2d 1158, 1159 (Pa. 2009) ("Once counsel is granted leave to withdraw per Anders, a necessary consequence of that decision is that the right to appointed counsel is at an end.").

Roberts submitted a series of inquiries and filings pro se about the status of his case, including complaints that Attorney Palermo was not assisting him, which were docketed and forwarded to Attorney Palermo pursuant to Rule 576(a)(4). Upon Roberts' motion for new counsel, the PCRA court appointed Attorney William Shreve to represent him on September 3, 2024.

After Roberts, through Attorney Shreve, obtained an extension of time to file a petition he filed a supplemental counseled petition on December 9, 2024. Attorney Shreve declined to pursue most of the claims raised in the pro se petition based on lack of merit, but supplemented Roberts' ineffective-assistance-of-counsel claim with allegations that Roberts' trial counsel rendered ineffective assistance by failing to: (1) seek admission to Dauphin County's Mental Health Court; (2) advise Roberts of the option to plead guilty but mentally ill pursuant to 18 Pa.C.S. § 314; or (3) file a notice of defense of mental infirmity pursuant to Rule 568. Supplemental PCRA Petition, 12/9/2024, ¶¶ 30, 31.

In response, the Commonwealth moved to dismiss the matter, arguing that Roberts' pro se September 7, 2023 petition was premature and thus a legal nullity because he filed it before the expiration of time for seeking allowance of appeal in our Supreme Court, and this Court retained jurisdiction of the matter until September 14, 2023. Commonwealth's Response to PCRA Petition, 1/8/2025, ¶¶ 4, 5, 8, 9. Without a current, operative petition before the PCRA court, the Commonwealth argued that Roberts' December 9, 2024

counseled petition was untimely. *Id.*, ¶ 14. Further, even if the PCRA court had jurisdiction over the counseled petition, the Commonwealth argued that because all claims pertained to his underlying guilty plea, not his probation revocation, they were waived. *Id.*, ¶ 15.

The PCRA court issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907(1) that it intended to dismiss the petition without a hearing. Rule 907 Notice, 4/25/2025, at 1. In its accompanying opinion, the PCRA court echoed the arguments presented by the Commonwealth in its motion. *See* PCRA Court Opinion, 4/25/2025, at 3.

This timely appeal followed. Both Roberts and the PCRA court complied with Pa.R.A.P. 1925.

The sole issue Roberts presents on appeal is whether the PCRA court erred by dismissing his petition as untimely filed. Roberts' Brief at 6.[4]

Any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless a petitioner pleads and proves a statutory exception to the time bar. 42 Pa.C.S.

---

[4] We note that after obtaining a sixty-day extension to file Roberts' brief, Roberts' counsel, Attorney William Shreve, filed his appellate brief one month late without requesting further extension and only after this Court entered an order directing the PCRA court to conduct an abandonment hearing. Ultimately, we accepted the brief and vacated the order before the hearing was held. The Commonwealth neither objected pursuant to Rule 2188 nor filed its own brief. *See* Pa.R.A.P. 2188 ("If an appellant fails to file his ... brief ... within the time prescribed by the rules, or within the time as extended, an appellee may move for dismissal of the matter.").

§ 9545(b). Questions of timeliness under section 9545 are jurisdictional in nature, requiring us to address timeliness of a petition before turning to the merits. *Commonwealth v. Smith*, 310 A.3d 94, 102 (Pa. 2024).

Roberts argues that nothing in the text of section 9545(b)(3) requires a defendant to wait thirty days after the Superior Court's denial of the direct appeal to file a PCRA petition. *Id.* at 17-19. He maintains that section 9545 provides two alternatives for finality: "at the conclusion of direct review ... or at the expiration of time for seeking the review." *Id.* at 19-21. Roberts argues that upon the Superior Court's concluding its direct review on August 15, 2023, he elected not to pursue further review by the Supreme Court, thereby entitling him to file the PCRA petition as soon as this Court issued its decision. *Id.* Roberts contends that his election to pursue only one track distinguishes his case from ones cited in the Commonwealth's motion to dismiss involving petitioners who tried "to run two separate tracks—direct appeal and a PCRA action—simultaneously." *Id.* at 25-26.

Because the PCRA is a means of obtaining collateral relief from a judgment of sentence, a PCRA petitioner must waive or exhaust his direct appeal rights prior to filing a PCRA petition. *Commonwealth v. Smith*, 244 A.3d 13, 17 (Pa. Super. 2020). The PCRA has no applicability until a judgment of sentence becomes final. *Id.* By the express terms of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, **or at the expiration of time for seeking review**." 42 Pa.C.S. § 9545(b)(3) (emphasis added). Our Supreme Court has interpreted section 9545(b)(3) as meaning that finality occurs upon "resolution of review ... by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000), *overruled in part on other grounds by* ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020). A party has thirty days after this Court enters its order to seek further review by the Pennsylvania Supreme Court. ***See*** Pa.R.A.P. 1113(a).

With limited exceptions, the filing of a notice of appeal divests the trial court of its jurisdiction and prohibits the trial court from proceeding further while this Court possesses appellate jurisdiction. ***Smith***, 244 A.3d at 17 (citing Pa.R.A.P. 1701(a)); ***Commonwealth v. Harris***, 230 A.3d 1124, 1126 (Pa. Super. 2020). Entry of this Court's decision does not "automatically and immediately revest a trial court with jurisdiction." ***Harris***, 230 A.3d at 1126. This is because both the petitioner and the Commonwealth have the opportunity "to seek panel reconsideration, en banc reargument, and/or review by the Supreme Court of Pennsylvania and ultimately the Supreme Court of the United States." ***Id.*** Pursuant to Rules 1701 and 2572 of our Rules of Appellate Procedure, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed. ***Id.*** at 1127. Until the appellate process fully runs its course—

i.e., until a party seeks review before the Pennsylvania Supreme Court or the passage of thirty days following the issuance of our decision, whichever occurs first—this Court continues to possess jurisdiction. *See id.* at 1126-27 (construing as legally null a trial court's order entered two days after this Court issued its decision and prior to return of the record).

Because the PCRA court lacks jurisdiction, a PCRA petition filed during the pendency of a timely-filed direct appeal is premature, and the "PCRA court should dismiss it without prejudice to file a petition once his direct appeal rights have been exhausted." *Smith*, 244 A.3d at 16. Even if the court does not affirmatively dismiss the petition, its prematurity renders it, and any order adjudicating it, a nullity without legal effect. *See id.* at 16-17; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020) (indicating that generally, this Court must vacate any order ruling upon the substance of a premature PCRA petition).

Here, Roberts' timely direct appeal vested this Court with jurisdiction until he either filed a petition for allowance of appeal with our Supreme Court or the time for seeking further review expired on September 14, 2023, which was thirty days after this Court entered its order. Roberts' September 7, 2023 petition—filed pro se **after** this Court issued its decision but **before** the direct

review process ran its course—was premature and a legal nullity.[5] This is true regardless of Roberts' choice to pursue collateral relief in lieu of seeking further review on direct appeal. Roberts' contention that the disjunctive language "or" in section 9545(b)(3) means that one party's strategic litigation choices control when a judgment becomes final is contrary to the plain language of the statute and our existing caselaw; Roberts cites to no cases in support of his construction of the statute. Notwithstanding a petitioner's eagerness to forgo further direct appeal relief in favor of pursuing collateral relief once this Court issues its decision, he or she cannot unilaterally create jurisdiction where none exists.

Having filed a timely direct appeal, section 9545(b)(1) required Roberts to file a PCRA petition within one year of the finalization of this Court's order disposing of the direct appeal. 42 Pa.C.S. § 9545(b)(1). Thus, the PCRA's

---

[5] Roberts' earlier petitions filed on February 13 and 15, 2023, were also legal nullities. First, like the September petition, the February petitions were premature because he had not exhausted his direct appeal rights. Second, at the time he filed the February petitions, he was still represented by Attorney Bradley, rendering his petitions a legal nullity based upon the prohibition against hybrid representation. *See Commonwealth v. Jette,* 23 A.3d 1032, 1044 (Pa. 2011) (stating that "the proper response to any pro se pleading is to refer the pleading to counsel, and to take no further action on the pro se pleading unless counsel forwards a motion"); *Commonwealth v. Pursell*, 724 A.2d 293, 302 (Pa. 1999) ("We will not require courts considering PCRA petitions to struggle through the pro se filings of defendants when qualified counsel represents those defendants."); *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (stating that "[i]n this Commonwealth, hybrid representation is not permitted" and our courts "will not accept a pro se motion while an appellant is represented by counsel; pro se motions have no legal effect and, therefore, are legal nullities") (citations omitted).

filing deadline for a PCRA petition to be considered timely (without invoking a timeliness exception) was September 14, 2024.

The docket reflects that the PCRA court received the record from this Court on September 28, 2023. Thus, by the time it entered its October 13, 2023 order appointing Attorney Palermo and giving Roberts thirty days to file a supplemental petition, the PCRA court had regained jurisdiction. Attorney Palermo, however, failed to file a petition at all, and by the time Attorney Shreve filed the supplemental petition on December 9, 2024, the PCRA's one year time bar had elapsed several months earlier.

Roberts offers no argument as to any basis to find the petition filed by Attorney Shreve timely. The premature and null September 7, 2023 petition does not save the subsequent petition, as when an initial petition has no legal effect, there is "nothing pending before the PCRA court that [the petitioner] could 'amend.'" *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003). Moreover, the counseled petition was filed beyond the statutory one-year timeframe allowed for PCRA petitions and Roberts did not plead a time bar exception. "It is the petitioner's burden to plead in the petition and prove that one of the exceptions applies. That burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." *Commonwealth v. Crews*, 863 A.2d 498, 501 (Pa. 2004) (cleaned up).

Because Roberts' December 9, 2024 petition did not plead any timeliness exceptions, a deficiency that continues in his appellate brief, we have no basis to exercise jurisdiction of the claims raised therein. Roberts' September 7, 2023 PCRA petition was premature, and thus, a legal nullity, and Roberts' December 9, 2024 supplemental counseled petition is untimely; as such, neither the PCRA court nor this Court have jurisdiction to entertain the merits of his contentions. The PCRA court therefore did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/16/2026

- 11 -